## C. M. KEYS COMMISSION CO. v. ROBINETTE.

No. 7018—Opinion Filed September 19, 1916.

(160 Pac. 38.)

**Corporations—Powers and Liabilities—Representation by Agent.**

The same as in Keys Commission Co. v. Miller, 59 Okla. 42, 157 Pac. 1029.

(Syllabus by Burford, C.)

Error from County Court, Oklahoma County; John W. Hayson, Judge.

Action by J. Robinette against the C. M. Keys Commission Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hainer, Burns & Toney, for plaintiff in error.

W. H. Zwick and Abernathy & Howell, for defendant in error.

Opinion by BURFORD, C. This was an action brought by J. Robinette against C. M. Keys Commission Company to recover the purchase price of certain cattle sold to the defendant through one Gay, alleged to be the agent of the commission company, and paid for with a draft drawn on the commission company by Gay, which was dishonored. The commission company denied the agency of Gay and its liability to the plaintiff. There was a trial to a jury and judgment for the plaintiff in the full amount claimed, from which judgment the commission company brings error, alleging that there was no sufficient proof of the agency of

Gay or of any other fact establishing a liability against the company.

The case is not distinguishable upon the facts or the propositions of law involved from C. M. Keys Commission Co. v. H. R. Miller, 50 Okla. 42, 157 Pac. 1029. In fact the cattle in the instant case were sold through the same party, at about the same time, shipped in the same car, paid for in the same manner, and the relation of Gay to the commission company depended upon the same facts as in the case of Keys Commission Co. v. Miller, supra. The case is also closely akin, both upon the facts and the propositions of law, to C. M. Keys Commission Co. v. Beatty, 42 Okla. 721, 142 Pac. 1102. The discussion of the questions involved as set out in these cases render any further statement of the facts or of the propositions of law in this case unnecessary. Although in the judgment of the writer it is sounder reasoning to base the liability of the commission company upon the right of the seller of the cattle—the purchase price being unpaid—to follow the cattle or the proceeds thereof into the hands of any one except an innocent purchaser for value, as was held in Keys Commission Co. v. Beatty, supra, rather than to base the liability upon the proposition of agency, as was done in Keys Commission Co. v. Miller, supra, yet however that may be, the ultimate liability of the commission company for the price of these cattle is definitely established by the two cases to which reference is above made.

Judgment affirmed.

By the Court: It is so ordered.