IRVING *et al.* v. DIAMOND *et al.*

No. 2467.    Opinion Filed March 3, 1914.

(139 Pac. 515.)

**CURTESY—Existence of Estate—Former Opinion Followed.** Affirmed on the authority of Johnson et al. v. Simpson, ante, 139 Pac. 129.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*Malcolm E. Rosser, Judge.*

Action between Eliza Irving and others and Wallace D. Diamond and others. From the judgment, the parties first named bring error. Affirmed.

*Lewis C. Lawson,* for plaintiffs in error.

*Langston & Hicks,* for defendants in error.

*J. A. Baker, amicus curiae.*

KANE, J. This cause was before this court in a former proceeding in error. In that proceeding the judgment of the court below was reversed and the cause remanded for a new trial. In the opinion then delivered, the facts involved in the controversy are fully stated. *Irving et al. v. Diamond et al.,* 23 Okla. 325, 100 Pac. 557. In this proceeding in error it is agreed between counsel that "the whole matter herein relied upon to reverse the case depends upon whether said George Irving took an estate by the curtesy in the said lands upon the death of his wife, Mary." This court passed upon this question in *Johnson et al. v. Simpson, ante,* 139 Pac. 129, wherein it was held:

"1. Upon the passage and approval of the Act of May 2, 1890, c. 182, 26 St. at L. 94, which extended over and put in force in the Indian Territory the common law of England as adopted by the state of Arkansas, with the proviso excepting Indians and their estates, and the Act of June 7, 1897, c. 3, 30 St. at L. 83, which provided that such laws should apply to all persons of the Indian Territory, irrespective of race, and the

Curtis Act of June 28, 1898, c. 517, 30 St. at L. 495, which provided that the laws of Indian tribes should no longer be enforced, title by curtesy consummate, as it existed in the state of Arkansas, attached, in favor of the husband, to all lands of which the wife became seized during coverture.

"2.    Under curtesy consummate, as it existed in the state of Arkansas, whatever interest the husband acquired in the lands of his wife by marriage could be swept away by her subsequent conveyance or devise of them."

Upon the authority of that case, the judgment of the court below is affirmed.

All the Justices concur.