## OKLAHOMA STATE BANK OF WAPAN-UCKA v. BURNETT et al.

No. 7865—Opinion Filed June 23, 1917.

Rehearing Denied Feb. 20, 1917.

(162 Pac. 1124.)

**1. Judgment—Lien.**

The judgment lien contemplated by Rev. Laws 1910, sec. 5148, is a lien only on the actual interests of the judgment debtor, whatever they may be. Therefore, though he appear to have an interest, if he has none in fact, no lien can attach.

**2. Same—Bona Fide Purchaser—Statute—"Third Person."**

The "third person" defined by section 1154, Rev. Laws, refers to one who is an innocent purchaser for value, or an incumbrancer, and does not in any manner apply to a judgment creditor with a lien.

**3. Mortgages—Lien—Priority.**

Where real estate is mortgaged by the owner and such mortgage is not recorded, a judgment lien filed subsequent to the execution of such mortgage is subordinate to said mortgage.

(Syllabus by Collier, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Suit by S. B. Burnett and others against the Oklahoma State Bank of Wapanucka. Judgment for plaintiff, and the Oklahoma State Bank of Wapanucka, after the overruling of its motion for new trial, brings error. Affirmed.

Gullett & Stobaugh, C. C. Shaw, and Sigler & Howard, for plaintiff in error.

Cruce, Potter & Cruce and Johnson & McGill, for defendants in error.

Opinion by COLLIER, C. On the 12th day of May, 1914, S. B. Burnett filed his petition in the district court of Carter county, Okla., and made Richard H. McLish, Rosa McLish, W. A. Ledbetter, W. H. Paul, Cal. Stewart, Joe Wilford, H. C. Long, H. P. McCann, D. E. Booker, C. D. Carter, City National Bank of Ardmore, Southwestern Insurance Company, and Oklahoma State Bank of Wapanucka, defendants. This suit was upon two notes, one for $1,000 and the other for $1,500, executed by Richard H. McLish. To secure the payment of these notes, Richard H. McLish joined by his wife, Rosa McLish, gave to the plaintiff a mortgage upon certain land described in the mortgage situated in Johnston county, Carter county, and Coal county. The mortgage was recorded in Carter county on the 5th day of December, 1908, and in Coal county on July 11, 1913, but was never recorded or filed for record in Johnston county,

On the 23d day of August, 1910, Richard H. McLish executed a mortgage upon the same property, together with other lands, to Cal. Stewart, Joe Wilford, H. C. Long, H. P. McCann, D. E. Booker, and C. D. Carter, to indemnify them as his surety upon a $2,500 note. This mortgage was filed for record in Carter county on the 23d day of August, 1910, in Johnston county on the 25th day of August 1910, and in Coal county on August 26, 1910. Said mortgage, among other things, has this stipulation therein:

"It is understood that there are other mortgages covering this same property, and this mortgage is given subject to same."

On the 3d day of October, 1911, Richard H. McLish gave a mortgage on this same property to W. H. Paul to secure him in the payment of a note of $635. This mortgage was assigned to E. L. Spencer, and was filed for record in Coal county on 24th day of January, 1913, and in Carter county on 7th day of October, 1911. On the 4th day of June, 1912, the Oklahoma State Bank of Wapanucka recovered a judgment against Richard H. McLish, and others for the sum of $1,291.54, and on the same date, June 4, 1912, the Oklahoma State Bank of Wapanucka recovered a judgment against Richard H. McLish for $568.70. Both of these judgments were had in Johnston county, Okla. Transcripts of these judgments were filed in the office of the district court of Coal county, June 29, 1912, and in Carter county July 1, 1912. Cal. Stewart and others filed an answer to the petition of S. B. Burnett, setting up their mortgage and claiming that their mortgage was superior to that of S. B. Burnett. The defendant W. H. Paul filed his answer, setting up his mortgage and claiming that the same was superior to that of S. B. Burnett. To these the plaintiff, Burnett, replied, and pleaded in the reply that said mortgages were taken subject to his mortgage. The Wapanucka State Bank filed its answer, in which it claimed that its judgment lien was superior to all the mortgages, and that it had the first lien upon the property by reason of said judgment. The City National Bank of Ardmore filed a disclaimer. The Southwestern Insurance Company did the same. W. A. Ledbetter did not file his answer. E. L. Spencer filed his interplea, alleging that he had been subrogated by assignment to all the rights of W. H. Paul given him by reason of said mortgage, and with the pleading in this condition the case was tried and the Oklahoma State Bank of Wapanucka is the only one here that is complaining of the judgment of the court. The evidence in the case supports the allegations of the various pleadings filed therein except as to the al-

legations of the superior lien of plaintiff in error. Case was tried to the court, and the court adjudged that Burnett had a first lien upon said land; that Cal. Stewart and others had a second lien upon said lands; that Spencer had a third lien; and that the plaintiff in error, the Oklahoma State Bank of Wapanucka, had a fourth and last lien— and ordered the premises sold, and the proceeds derived from such sale distributed in accordance with the decree as to priorities. In due time the Oklahoma State Bank of Wapanucka filed its motion for a new trial, which was overruled and excepted to, and the Oklahoma State Bank of Wapanucka prosecutes error to reverse the judgment rendered.

At the outset we are met by an insistence on the part of defendants in error that said appeal should be dismissed for the failure of the plaintiff in error to comply with the rules of this court in failing to set out in the brief any assignment of error. If the rule of this court should be strictly applied, this appeal should be dismissed; but we have concluded, notwithstanding this failure to comply with the rules as to assignment of error, to write this case upon its merits, upon the question insisted upon by plaintiff in error:

"That shorn of all trimmings and trappings the issues before the court were: 'Who had the first lien upon the lands in Coal and Johnston counties?' "

It is insisted that the case of Lunn v. Kellison et al., 66 Oklahoma, 153 Pac. 1136. should be overruled, because the same is not in accord with the other decisions of this court. This contention is without the slightest merit, as the unbroken line of decisions of this court is in accord with the holding in said case of Lunn v. Kellison.

In J. I. Case Threshing Machine Co. et al. v. Walton Trust Co. et al., 39 Okla. 748, 136 Pac. 769, it is held:

"The judgment lien contemplated by section 5941, Comp. Laws 1909, * * * is a lien only on the actual interest of the judgment debtor, whatever that may be; therefore, though he appear to have an interest, if he has none in fact, no lien can attach."

In Adams v. White, 40 Okla. 438, 139 Pac. 515. Justice Kane, speaking for the court, says:

"A contract for land, bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, although the money is not paid at that time. When the money is paid, according to the terms of the contract, the vendee is entitled to a conveyance, and to a decree in chancery for a specific execution of the contract, if such conveyance is refused. A judgment obtained by a third person against the vendor, mesne the making the contract and the payment of the money, cannot defeat or impair the equitable interest thus acquired, nor is it 'a lien on the land to affect the right of such cestui que trust. A judgment is a lien on the land of the debtor, and attaches on it as a fund for its payment; but the legal estate in the land is not vested in the judgment creditor, although he can convert it into money to satisfy his debt, by pursuing the proper means."

Other cases in point are: Pierce v. Brown, 7 Wall. 205, 19 L. Ed. 134; Ironworks v. Cohen, 7 Colo. App. 341, 43 Pac. 667; Dalrymple v. Security Imp. Co., 11 N. D. 65, 88 N. W. 1033; Hays et al. v. Reger, 102 Ind. 524, 1 N. E. 386; Story v. Black, 5 Mont. 26, 1 Pac. 1, 51 Am. Rep. 37; Mining Co. v. Banks, 7 Mont. 530, 19 Pac. 210; Dimmick v. Rosenfeld, 34 Or. 101, 55 Pac. 100; Kirby v. Tallmadge, 160 U. S. 379, 16 Sup. Ct. 349, 40 L. Ed. 463.

In Gilbreath et al. v. Smith, 50 Okla. 42, 150 Pac. 719, it is held that:

"The lien of a justice of the peace judgment, created by filing a transcript thereof in the district court under sections 5217, 5218, and 5148, Rev. Laws 1910, attaches only to the actual interest of the judgment debtor in the lands involved, whatever that may be, and therefore, though he appears to have an interest, if he has none in fact, no lien can attach."

In said case it is further held:

"That as the title passed from G. prior to the filing of the judgment of the justice of the peace in the district court, G. had no interest to which the lien of such judgment could attach, and that the title of M. was superior to that of B., who purchased at the execution sale. A judgment creditor has not the protection of a bona fide purchaser."

In Gilbreath et al. v. Smith, supra, Judge Brewer says:

"The lien of a judgment attaches only to the interest in real estate owned by the judgment defendant; and judgment creditors are not bona fide purchasers. Such creditors part with nothing to acquire the lien." J. I. Case Threshing Machine Co. et al. v. Walton Trust Co. et al., 39 Okla. 748, 136 Pac. 769; Scott-Baldwin Co. et al. v. McAdams, 43 Okla. 161, 141 Pac. 770.

The sole contention of plaintiff in error in this case is that the failure to file the mortgages in each of the counties in which the land is situated gives priority to a judgment creditor who has filed his lien in accordance with the law. By the execution of the mort-

gage, whether recorded or not, the interest of the mortgagor passed to the mortgagee, and as set out in the many decisions cited in this case the lien of the Oklahoma State Bank could attach only to the actual interest of the mortgagor in the land, notwithstanding he may have appeared to have a different interest in said property.

It thus appears from the authorities that the case of Lunn v. Kellison et al., which is insisted by attorneys for plaintiff in error should be overruled, simply follows an unbroken line of decisions of this court, showing conclusively that the court did not err in holding that the lien of the Oklahoma State Bank was inferior to the other liens described in this case, as its lien only extended to the actual interest of the defendant in execution, which was subordinate to the several liens as held by the trial court.

As previously stated, and as shown by the authorities cited, the only interest that the plaintiff in error could possibly assert to the property involved in this litigation is a lien upon whatever interest the mortgagor had in the lands involved. It, therefore, follows, and we so hold, that the trial court did not commit error in holding that the lien of the plaintiff in error was subordinate to the various liens created by the mortgages named, notwithstanding said mortgages were not recorded, as the record of a mortgage is not necessary to the validity thereof as between the mortgagor and the mortgagee. Section 1154, Rev. Laws 1910:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease or other instrument relating to real estate other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided."

As shown by authorities hereinbefore cited, the plaintiff in error, the Oklahoma State Bank of Wapanucka, was not a purchaser for value, did not part with anything to acquire its lien, and therefore the mortgage liens were superior to the lien created by filing its judgment subsequent to the execution of the mortgages.

In short, the filing of the judgment only created a lien upon the interest in the real estate owned by the judgment debtor at the time of the filing of the lien, and if prior to the filing of such judgment lien the judgment debtor had mortgaged said real estate, the lien created by filing such judgment was subordinate to such mortgages. The judgment rendered in this cause is affirmed.

By the Court: It is so ordered.