## HORN v. HORN.

No. 9834—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

**Divorce—Alimony—Judgment—Affirmance.**

The judgment of the trial court is affirmed for reasons stated in the opinion.

Error from District Court, Pottawatomie County; Edward Dewes Oldfield, Assigned Judge.

Action by Ida R. Horn against S. P. Horn for divorce and permanent alimony. Decree of divorce but no permanent alimony granted, from which plaintiff brings error. Affirmed.

T. G. Cutlip, for plaintiff in error.

A. M. Baldwin and A. J. Carlton, for defendant in error.

HIGGINS, J. The parties in this court hold the same relative positions as in the trial court, and will be so referred to in this opinion.

The parties to this suit were married to each other in 1892 and lived together as husband and wife until July 4, 1916, at which time they separated. After the expiration of one year from the date of separation, the plaintiff instituted a suit against the defendant for divorce on the grounds of abandonment. She alleged that there were two children born to them, to wit, a son, Loy G., age 17, and a daughter, Sterling Constantine, age 12 years; that the son resided with the father, and the daughter with her. She prayed that the defendant be required to pay her permanent alimony and a fixed sum for the care and keep of the minor daughter. The defendant pleaded a general denial, admitting, however, that they were married and that he had the care and custody of the son and the wife had the care and custody of the daughter; alleged that he had contributed sufficient money to the daughter for her maintenance and welfare, and would do so in the future; and further pleaded that just prior to their separation he and the plaintiff came to a full settlement of property rights; that the defendant was to have the care and custody of the daughter and he the son, and since the separation that he had complied with his part of the agreement. The evidence in the case shows that these parties did not possess any property at the time of the marriage; that the defendant inherited no property of any kind since the marriage, but that the plaintiff did inherit $290 from her father's estate, but for several years during their marriage they had taken care of the plaintiff's mother and stepfather. The evidence further shows that during their married life they had accumulated approximately $15,000, and in their contract looking forward to separation each took approximately one-half of the same. In the main their property largely consisted of two farms, one in Pottawatomie county of 240 acres, and the other in Pontotoc county just across the river from the one in Pottawatomie county, consisting of 183 acres. The wife was deeded the land in Pottawatomie and the husband the land in Pontotoc county. After a stormy career and separation, they settled on their respective land with the river flowing between them. The evidence further shows that the father had placed his son in the State University at Norman and was providing for the daughter, who was living with her mother. The court, with some hesitation, granted plaintiff a divorce on the grounds of abandonment and made an order placing the

son in the care and custody of the father and the daughter in the care and custody of the mother, decreeing to each the property that they had theretofore agreed each should have. The court refused to grant permanent alimony or fix any sum to be paid her for the care and keep of the daughter, but stated he would leave that to the judgment and discretion of the father.

The plaintiff appeals to this court and complains of the judgment below for the reason that it failed to fix permanent alimony for the wife; and for the further reason that the court failed to make provision for the care and support of the minor child in the care and custody of the mother. The first question which presents itself is whether the court erred in decreeing the property to each of the parties to this suit that they themselves had contracted to take; this contract being immediately prior to their separation. This court, in reference to such contracts made between husband and wife, in Montgomery v. Montgomery, 41 Okla. 581, 139 Pac. 288, states:

"2.  Husband and Wife — Separation Agreement—Rescission and Cancellation.

"A separation agreement procured by fraud or duress, or voidable upon other equitable grounds, is subject to rescission and cancellation in equity, the same as any other contract. Where the agreement is executed directly between husband and wife, it is also subject to the rules which control the contracts of persons occupying confidential relations, and is not binding upon the wife, unless it is just and equitable in view of all the circumstances existing at the time it was executed.

"3.  Division of Property—Prior Contract of Settlement—Burden of Proof.

"In a suit for divorce and a division of property acquired through joint efforts of the parties, when the husband sets up a prior written contract of settlement, entered into between himself and wife, as a defense against any further division of the property, he must be able to show, not only that it was entered into fairly and without misrepresentation, overreaching, or fraud, but also that its provisions are equitable and just under all the circumstances."

There is no necessity of laying down a new principle of law. It is merely an application of the law declared above to the facts shown by the evidence in this case. It appearing that the property, which was the joint accumulation during their married career. was divided approximately half and half, and that the wife was not mistreated or defrauded therein, we therefore fail to see that the court committed any error by decreeing each the property that each had agreed to take in their prior settlement. The facts and record in this case show that the court asked the plaintiff if she was willing to take the property that the husband had received by their prior agreement, in lieu of the property she had received. She answered that she would prefer the property that she had. As the wife received approximately one-half of the joint accumulation, we find no error in the court not decreeing her a fixed moneyed sum as permanent alimony.

The next question raised is whether the court erred in not fixing a definite sum to be paid at certain stated times to the wife for the keep of the daughter. The record in this case shows that the father was providing for this daughter while she was living with the mother. It would indicate that he preferred to exercise his own judgment as to her care and needs rather than pay a fixed sum to the wife for that purpose. The evidence shows, further, that the mother was in possession of property sufficient for herself and the child's care; consequently there was no pressing reason for an immediate order fixing a definite sum to be paid. The court had the parties before him and was in a position to ascertain which was best for the child, to permit the father to care for her in his own way, or pay a fixed sum to the mother and thus trusting it to the mother's judgment. We fail to see any abuse of discretion on the part of the trial court in this regard, and we fail to see any prejudicial error in this case justifying reversal of same.

Should the father fail to carry out his part of the contract to provide for the daughter, then this issue may be raised in the lower court at any time either by a supplemental petition in the original proceeding or by independent suit, even though the case may have gone to final judgment or an appeal in this court pending. Section 4986, Rev. Laws 1910; Bondies v. Bondies, 40 Okla. 164, 136 Pac. 1089.

Judgment affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.