## USSERY et al. v. DRIVER.

No. 12832—Opinion Filed Nov. 18, 1924.

### Vendor and Purchaser—Title Bond Accompanying Deed—Breach by Vendor—Action by Vendee to Recover Expenses of Clearing Title—Petition.

Where the plaintiffs allege in their petition that they bought certain lands from the defendant, who executed to them a deed which is, in effect, a general warranty against adverse claims, for a consideration of $6,300, receipt of which is acknowledged in the deed; and it is further alleged that as part and parcel of the same transaction defendant also executed a separate instrument in which it is admitted that there are defects in the title to the land, and in which it is expressly agreed that the grantor signing the separate instrument will clear up and put at rest the adverse claims, but limiting the agreement to an expense of $3,000, and agreeing to accomplish the results within a reasonable time: and it is further alleged that the defendant failed to comply with this agreement within a reasonable time, and that plaintiffs had given due notice that if the defendant further failed and refused to comply with the agreement to clear up the title they themselves would proceed to clear the title, and expect to be reimbursed for the necessary expense in doing so, and the defendant still failed to keep his agreement, and it is further alleged that plaintiffs proceeded to clear the title and that expense was incurred in doing so, setting out in detail the outstanding claims removed from the title and the actual expense incurred, and that such expense had been paid by the plaintiffs and that they had not been reimbursed by the defendant, and both deed and separate instrument in form of a bond, are attached to the petition and made parts of it, the petition states a cause of action in favor of the plaintiffs and against the defendant for the actual necessary outlay in clearing the title, limited to the sum of $3 000, and is good as against a general demurrer.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Marshall County; Geo. S. March, Judge.

Action by John H. Ussery and Lillie Barry against Oscar Driver on a contract to clear title to real estate. Judgment of the court sustaining demurrer to plaintiffs' first amended petition and dismissing the action.

Plaintiffs appeal. Reversed and remanded.

Broadbent & Ferris, for plaintiffs in error.

Geo. E. Rider, for defendant in error.

Opinion by SHACKELFORD, C. This is an appeal from a judgment of the district court of Marshall county sustaining a demurrer to the plaintiffs' first amended petition and dismissing their action. The facts out of which the controversy arose are about as follows: On the 30th of October, 1916, Oscar Driver and Pearl I. Driver, his wife, made a deed purporting to convey to Lillie Barry and John H. Ussery certain lands located in Murray county Okla., aggregating 370 acres, for a consideration of $6,300. The deed purports to convey the land free and clear of grants, charges, taxes, judgments, mortgages, and other liens or incumbrances, except a mortgage for $3,000 which the grantor's previously placed upon the land, and which the grantees assumed and agreed to pay. The deed is dated October 30, 1916, and is signed by Oscar Driver and Pearl I. Driver. The deed, upon its face, is in effect a general warranty deed. Oscar Driver also signed and delivered to the grantees named in the deed an instrument in the nature and form of a bond, in the sum of $3,000, conditioned: "That whereas, said Oscar Driver has. by his certain warranty deed conveyed the following described real estate and premises situated in Murray county, to wit:" the land being described as in the deed: "And, whereas there are certain imperfections in the title to said land and certain clouds resting upon said title; and whereas the said Oscar Driver has agreed and does hereby agree to make a good merchantable title in himself, to said lands, and to remove all clouds from the said title." Then follows the agreement to make good the title within a reasonable time, and in case he does the obligation shall be void—if not, to be in full force and effect. The instrument bears date of October 30, 1916, and is signed by Oscar Driver.

The plaintiffs in error, as plaintiffs, filed their petition in the district court of Marshall county, against the defendant in error, as defendant, suing upon the bond, alleging the failure of the defendant to make good the title after having waited upon him a reasonable time, and that they have been put to an expense of $2,323.65 to clear up the title. and praying judgment for said sum and costs. Plaintiffs attached a copy of the bond to their petition. The defendant, Oscar Driver, filed a motion to make the petition more definite and certain. and to attach the warranty deed referred to in the petition. The motion was sustained. On the 14th of December, 1920, the plaintiffs filed their first amended petition in which they adopted the allegations of the original petition as to the execution and delivery of the deed and the instrument in form of a bond, and alleged that the two instruments are part and parcel of one transaction; and alleged that the latter was given as a guarantee that the grantor signing the instrument would take the necessary steps to remove the clouds upon the title to the land conveyed in the deed; it is also alleged that on numerous occasions plaintiffs requested compliance with the terms of the instrument, and that the defendant had failed to comply with his agreement contained in the bond; that due notice was given the defendant that if he neglected and refused to comply with the terms of the instrument plaintiffs would proceed to clear the title and would expect to be reimbursed for the expense incurred; that a reasonable time had elapsed and there was no compliance. and plaintiffs had proceeded to clear the title. A detailed statement is given of the steps taken and the expense incurred. It includes taxes upon the land due to have been paid by the defendant, probate proceedings, quitclaims of parties holding interests in the land, traveling expenses, telephone calls, and interest on money expended in clearing the title, totalling the sum of $2,323.65, for which judgment is prayed. Defendant demurred to the petition on several grounds, two of which were sustained. They are:

"That the petition does not state facts sufficient to constitute a cause of action in favor of plaintiffs and against the defendant."

"That said petition is based upon an alleged bond executed by the defendant to plaintiffs, and it is shown by copies of said bond and deed attached as exhibits to amended petition that said instruments bear the same date of execution. but that said deed was acknowledged by defendant as grantor subsequent to the date of said execution of said instruments. That plaintiff's cause of action as stated in the petition and amended petition is based upon allegations that defendant agreed to clear up certain defects in the title of said lands conveyed by said deed. Defendant says that the cause of action if any, of plaintiffs against him is upon said warranty deed and not upon said bond; that said bond was merged in said deed, and that plaintiffs have no cause of action against defendant on said bond"

The plaintiff elected to stand upon the pleading, and an order was made dismissing the petition. The plaintiffs prosecute appeal. They argue several propositions in their brief, but the one question necessary

to answer to properly dispose of this appeal, is, Does the pleading of the plaintiffs, filed in the district court, state a cause of action in their favor and against the defendant Oscar Driver?

An examination of the instruments relied upon by the plaintiffs, the one, in effect a general warranty deed conveying the land, and the other, in form a bond to clear the title against admitted incumbrances, shows both to have been executed on the same date, to wit, on the 30th day of October, 1916. The second instrument named refers to the warranty deed which rather indicates that the deed was executed first and the bond afterwards. But, it is alleged that they were part and parcel of the same transaction. For the purposes of the demurrer this allegation is admitted to be true. If they are, in fact, part and parcel of the same transaction, the deed is not all the evidence of the transaction, and the transaction was not what the deed purports to be upon its face. While there are no formal words of warranty contained in the deed, it is, in effect, a general warranty deed. In the deed there are no exceptions from the warranty. The grantors say that it is free and clear of incumbrances, etc., except as to a certain mortgage with which we are not concerned. The deed itself recites a consideration of the sum of $6,300, and. if the two instruments are parts of the same transaction, both rest upon the same consideration. But, while the deed recites that the title is free and clear of incumbrances, etc., the second instrument admits that there are outstanding claims and incumbrances which constitute clouds upon the title which the grantors are impliedly warranting against generally in their deed. But, it appears from the two instruments that the grantors did not want to be bound by the implied general warranty, and while they were willing to admit that there were imperfections in the title, which Oscar Driver was contracting to remove, he sought to limit the liability to himself to the exclusion of his wife, and also to limit the liability to the sum of $3.000. The two instruments, the deed and bond, taken together, constitute a conveyance, in effect, a special limited warranty of title, the limitations of the warranty being expressly stated in the bond, and having the effect of limiting the liability to one of the grantors, and to the sum of $3.000. The grantor Oscar Driver executed both instruments, and both were accepted by the grantees, at least it is so alleged in the petition and admitted by the demurrer, and the two instruments, taken together, constituted the contract of sale and purchase of the land. It is, in effect, so alleged by the plaintiffs, and admitted by the demurrer. Had the grantees relied wholly upon the implied .general warranty contained in the deed, and ignored the limitations contained in the bond of Oscar Driver, and been put to actual expense of more than $3,000 in clearing the title against adverse claims, and had brought an action for the breach of the implied general warranty against both the grantors, the wife of Oscar Driver might well have insisted that the grantees accepted an instrument limiting the liability to Oscar Driver alone, and both grantors could have well insisted that in accepting the bond of Oscar Driver the grantees agreed that the liability for the breach of warranty was limited to $3,000, and that they would not be liable in any greater sum. It could hardly be insisted that the parties grantor could not have limited their liability upon their warranty to $3,000 by an express statement to that effect in the deed itself. If they could limit their liability in the deed itself, to a certain sum, there seems to be no good reason why a limitation could not be fixed by the execution and acceptance of a separate instrument limiting the liability.

The defendant in error insists that there was no consideration for the execution of the bond, and for that reason the terms of the bond were not enforceable, and an action cannot be maintained thereon. The allegation is that the two instruments were part and parcel of the same contract. If so the execution, delivery, and acceptance of the instruments was based upon the consideration of $6,300 recited in the deed, which would support the execution of both instruments. Then there was the further consideration passing to the grantor Oscar Driver that his general liability as expressed in the deed was limited to a fixed sum expressed in the bond, and the grantees, by accepting the bond as a part of the contract, agreed that the grantor, Pearl I. Driver, should be held harmless upon the general implied covenants of warranty contained in the deed, and the further consideration of the surrender by the grantees, in accepting the bond, of the right to rescind the contract of sale and purchase and sue for the purchase money paid, and by the acceptance of the bond the grantees limited themselves to a right of action against Oscar Driver for the expense in clearing the title, to the sum of $3 000; all of which constituted consideration supporting the execution of the bond as part and parcel of the contract.

The defendant in error contends that since

the deed shows to have been acknowledged on the 6th of November, it must have been executed as of that date, and hence, the bond was made before that date, since it recites that it was made on the 30th day of October, 1916. Such contention is not properly raised by the demurrer, which, in effect, admits the allegations of the petition to be true. Both instruments show to have been signed on the 30th of October, 1916. The acknowledgment of the deed shows to have been made on the 6th of November, 1916, but the notary public who took the acknowledgment appended the recital that his commission expired on May 15, 1916. If all the recitals are in fact correct, the instruments were signed on the same date as alleged, and neither of them were in fact acknowledged. But, as to whether they were acknowledged is a matter of no consequence. Under section 5251, Comp. Stat. 1921, the instruments are good as between the parties grantors and grantees without any acknowledgment or compliance with recordation acts, and there seems to be no intervening interests of third parties in this case.

The deed shows upon its face that the grantor Oscar Driver was agreeing to pass title free and clear of incumbrances and outstanding claims, and the bond shows that he was admitting that there were defects in the title which he expressly agreed to clear up at an expense not to exceed the sum of $3,000, within a reasonable time. The petition alleges that the grantees notified Oscar Driver to carry out his agreement and he did not comply with the notice nor with the agreement; that he had a reasonable time to comply with the agreement and had failed; that the grantees proceeded to clear up the title at considerable expense, which, under the instruments the grantor Oscar Driver was obligated to pay. The demurrer admits the truth of the allegations for all purposes of consideration of the demurrer. The defendant in error insists that the complaining parties should have sued him upon his implied covenants of general warranty contained in the deed, instead of relying upon the bond signed by him alone. Even if such right to rely upon the general covenants of warranty as contained in the deed was not waived by the grantees in accepting the bond, it is difficult to see how the grantor Oscar Driver is placed in any worse position because plaintiffs rely upon the bond instead of upon the covenants contained in the deed; and by relying upon the bond in their suit, they have waived, perhaps, their rights to rely upon the im-

plied general warranty contained in the deed. His demurrer admits the execution of the bond as well as the deed. We think the petition and the first amended petition state a cause of action against Oscar Driver for the amount expended in clearing up the title to the land described in the conveyance and the bond, limited to the sum necessarily expended, and not to exceed the sum of $3,000.

The order and judgment of the trial court sustaining the demurrer to plaintiffs' petition dismissing the plaintiffs' case should be reversed and remanded to the district court of Marshall county, with directions to reinstate the case and overrule the demurrer. We recommend that this be done.

By the Court: It is so ordered.