**CASSIDY v. BONNER et al.**

**No. 472.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 14, 1931.

J. E. Williams, of Ardmore, Okl., for appellant.

H. A. Ledbetter and H. E. Ledbetter, both of Ardmore, Okl., for appellees.

Before COTTERAL and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

COTTERAL, Circuit Judge.

The sole question involved in this appeal is one of priority of liens between the appellant, William J. Cassidy, and appellee W. M. Bonner, arising from real estate mortgages which were proved against the bankruptcy estate of J. S. Mullen. The referee awarded priority to Bonner, and ordered the proceeds of a sale of the property delivered to him. On review, the order was affirmed; and Cassidy appeals.

The facts material to the controversy are not disputed. The parties obtained mortgages from the bankrupt on the same land located in Carter county, Okl., as security for antecedent debts. The mortgage of Cassidy was signed by the bankrupt alone on May 27, 1921, delivered to him on that date, acknowledged on July 30, 1921, and filed for record with the county clerk on August 2, 1921. It contains a warranty of title, subject to incumbrances. The Bonner mortgage was executed and acknowledged by the bankrupt and his wife on July 19, 1921, and was shown to have been filed for record on July 29, or July 30, 1921, although purporting to have been filed on August 6, 1921. It makes no reference to other incumbrances. The contention of appellant is that his mortgage was executed on May 27, 1921, his lien became effective on that date, and it entitled him to priority, regardless of the dates on which his mortgage was acknowledged and filed for record.

It is conceded that, by the state law, a married man is entitled to convey and mortgage his separate property apart from a homestead without his wife joining therein. By section 5251, C. O. S. 1921, it is provided that neither an acknowledgment nor recording is essential to the validity of a deed or mortgage as between the parties. The decisions in Oklahoma give effect to this portion of the statute. Hess v. Trigg, 8 Okl. 286, 57 P. 159; Horn v. Bobier, 72 Okl. 119, 178 P. 664; Ussery v. Driver, 104 Okl. 155, 231 P. 214. But the same section further provides that "* * * no deed, mortgage, contract, bond, lease or other instrument relating to real estate other than a lease for a period of not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided."

Appellant insists the phrase "as against third persons" refers to innocent purchasers or mortgagees, and Bonner is not such a person, as his mortgage secured only an antecedent debt. We find no reason or authority for so interpreting the statute. By its plain terms, the want of acknowledgment and recording rendered the Cassidy mortgage in-

valid against any third person. Section 3545, C. O. S. 1921, defines third persons as all those who are not parties to an obligation or transaction.

It may be assumed that appellant's mortgage was acknowledged on the same day that appellee's mortgage was filed for record. The question remains whether the fact that the recording of appellee's mortgage antedated that of appellant gave appellee a prior lien.

Two decisions by the Oklahoma Supreme Court are relied upon by appellant. One of them is Oklahoma State Bank v. Burnett, 65 Okl. 74, 162 P. 1124, 4 A. L. R. 430, which involved a question of priority between a judgment creditor and mortgagees. It was held, upon a review of the state decisions, that the recording statute was inapplicable to a judgment lien, that it attached only to the interest of the mortgagor, and was therefore inferior to the liens of unrecorded mortgages. In the second paragraph of the syllabus, it is said that "The 'third person' * * * refers to one who is an innocent purchaser for value, or an incumbrancer. * * *" The other citation is to Lunn v. Kellison, 66 Okl. 168, 153 P. 1136, where it was ruled that a judgment creditor was not a third person as designated by the statute, and his lien was subordinate to a title based on prior unrecorded deeds. It is obvious that these cases do not apply to a controversy between mortgagees. The other cases cited are also not in point.

In our opinion, the statute confers priority on appellee, because his mortgage was first filed for record. Considering the terms of the statute, the general rule doubtless prevails in Oklahoma, which appears in the text of 41 C. J. 549, as follows: "In the absence of special equities growing out of questions of notice, good or bad faith, want of consideration or the like, the rule of priority as between two independent mortgages on the same property, given at different times to different mortgagees, is that the one first recorded is a superior lien to the other, whether it was executed before or after such other. And this rule is not affected by the fact that one mortgage contains covenants of warranty, while the other does not, nor by the fact that the mortgage first recorded was given to secure a pre-existing debt, while the other was for a present consideration. * * *"

No showing was made in this case which would subordinate the lien of Bonner to that of Cassidy. The District Court properly accorded priority of lien to Bonner.

Counsel for appellee also urge that the mortgage of the latter is also superior because of the recital in appellant's mortgage that it is subject to incumbrances. It is unnecessary however to consider this question.

Our conclusion is that the decree of the District Court was right, and it is accordingly affirmed.