## BURKE v. MARSHALL et al.

No. 28441.   Oct. 11, 1938.

T. Austin Gavin and George L. Sneed, Jr., for plaintiff in error.

W. M. Bowles, for defendant in error Kate Platt.

GIBSON, J. The determining question here is whether the trial court in its judgment or decree of foreclosure correctly provided the order in which undivided interests in mortgaged lands should be sold so as to protect the equities of junior lien claimants or interest owners. The facts are brief and are not in dispute.

Mary A. Clark and F. R. Burke owned an undivided one-half interest each in a tract of land. In order to permit his sister to handle the leasing of the premises, Burke deeded his interest to her. She recorded his deed and thereby became the record owner of the entire title. She immediately

gave him a warranty deed to an undivided one-half interest, but he did not record this deed until after suit was filed. There was no consideration for the deed to Mrs. Clark, and Burke could have at any time placed the record title to his one-half interest in himself by simply recording his deed. After acquiring the record title Mrs. Clark executed the mortgage foreclosed here.

In the foreclosure action Burke answered and by way of cross-petition set up his claim of title to his undivided one-half interest, admitted that the mortgage was a lien upon his interest, but alleged that the mortgage was for the sole benefit of Mrs. Clark and that therefore he was entitled to have her half interest sold first, before resort to his half interest. The mortgagee did not contest this claim, but Kate Platt, who had obtained a deficiency judgment against Mrs. Clark, asserted that her judgment lien entitled her to have the undivided interests separately sold and the proceeds distributed so as to protect her judgment.

The trial court, in its conclusion, adopted the claim of neither Burke nor Mrs. Platt, but took a middle position, ordering the property sold as an entirety. The proceeds of the sale are to go first towards satisfying the mortgage and foreclosure costs, and if any residue remain, it is to be divided into two parts—one-half to be paid Burke and the other half to be paid Mrs. Platt and her judgment debtor. Mrs. Platt apparently was satisfied with the court's decision, whereas Burke has appealed and has superseded the judgment.

In its decree the trial court found that Burke owned an undivided one-half interest in the land subject to the judgment of the mortgagee, "but superior and free from any lien of the Platt judgment." This finding was followed by the judgment and decree of the court that Burke's undivided one-half interest in the land "is subject to the mortgage lien of the plaintiff herein, but is superior, free and clear of any lien of Kate Platt."

It is conceded that the Platt judgment was a lien only on the half interest actually owned by Mrs. Clark. A judgment lien is not within the protection of the recording laws. Oklahoma State Bank of Wapanucka v. Burnett, 65 Okla. 74, 162 P. 1124, 4 A. L. R. 430. The failure to record his deed, therefore, did not affect the right of Burke so far as his individual interest was concerned. If it had not been for the Platt judgment, it is clear Burke could have compelled the

sale of the interest of Mrs. Clark to satisfy the mortgage before resorting to his interest. This is so, because he did not receive any of the proceeds of the mortgage, because of his warranty deed from Mrs. Clark, and because of his actual ownership of an interest in a portion of the property covered by a mortgage which covered other property which could be resorted to for payment of the superior lien.

Although he did not sign the mortgage, he allowed his interest in the land to be mortgaged to secure his sister's debt. He should, therefore, be regarded as a tenant in common who has become surety for his cotenant. The rule is stated in paragraph 3 of the syllabus of the Arkansas case of Robbins-Sanford Mercantile Company, Appt., v. H. H. Johnson, as reported in 37 A. L. R. 1258. See 266 S. W. 260:

"Where one tenant in common joins in a mortgage of the common property to secure a debt of the cotenant, his equitable lien as surety for the cotenant will prevail over the lien of a judgment subsequently secured by a third person against such tenant, and the fact that the judgment is secured in proceedings to foreclose a mortgage on other lands of the cotenant is immaterial."

Furthermore, the law is well established that:

"One who acquires title through the debtor without parting with value (as a judgment creditor * * *) cannot thereby gain any superior standing. * * *

"The mortgagor who conveys a part of the mortgaged premises by warranty deed undertakes that the buyer shall be saved harmless from the mortgage, that the tract retained shall bear the entire burden, and that the tract sold shall be exonerated. * * *

"* * * Whatever be the rights of the mortgagee to resort to either or both of the parcels, it is plainly the equitable duty of the mortgagor to assume the whole debt and thus to free the grantee's parcel from the lien.'" Newby v. Fox. (Kan.) 133 P. 890.

Our statute contemplates a marshaling of securities, so that one who has an interest in part of the thing upon which someone else has a prior or superior lien may compel the lien holder to resort first to those things upon which such lien holder has an exclusive lien. Section 10951, O. S. 1931 (42 Okla. Stat. Ann. ch. 1, sec. 17).

Under the cases and rules just referred to, moreover, it is apparent that the Platt judgment lien was an inferior lien or equity. In the judgment and decree of the court,

not questioned here, it is found and adjudged that the Burke lien is superior to the Platt lien.

Under these conditions, Burke had the right to have the Clark half interest sold first and the proceeds applied to the payment of the mortgage.

" '* * * It may be stated as a general rule that the right of the junior creditor as against the common debtor is practically absolute and consequently prevails against all those claiming under the debtor by lien or title subsequent in time.' " Newby v. Fox, supra.

Accordingly, the judgment and decree is reversed, with directions to require the sale of the undivided one-half interest not claimed by Burke first, and his interest sold only in case the proceeds from the first sale are insufficient to pay the mortgage, and with the provision that he be paid any surplus arising from the sale of his interest, if it be necessary to sell such interest.

OSBORN, C. J., and WELCH, CORN, and HURST, JJ., concur.