M. K. KNIGHT, Plaintiff in Error,

v.

Pearl ARMSTRONG, Defendant in Error.

No. 37138.

Supreme Court of Oklahoma.

Oct. 9, 1956.

Rehearing Denied Nov. 13, 1956.

Duffy & Johnson, Ponca City, for plaintiff in error.

Leon C. Phillips & Martin L. Frerichs, Okemah, for defendant in error.

PER CURIAM.

Pearl Armstrong, defendant in error, as plaintiff brought this action in the District Court of Okfuskee County to quiet title to 40 acres of land. M. K. Knight, plaintiff in error, was one of the defendants and claimed an undivided one-half interest in the property acquired through a sale on execution. The issues as drawn and tried before the court without a jury were between the plaintiff and Knight alone. By the judgment entered plaintiff was decreed the owner of all interest in 30 acres. The remaining ten acres was found to be owned in equal shares by plaintiff, Pearl Armstrong, and the defendant Knight.

The defendant, Knight, appeals from the adverse judgment quieting title in plaintiff to the 30 acres. The parties will be referred to as they appeared in the trial court.

The situation out of which the controversy arises may be stated briefly as follows: On July 17, 1944, plaintiff was granted a divorce from her husband, E. E. Armstrong, by the District Court of Osage County. By the decree entered the 40 acres involved in the present action was declared to be joint property and that future rentals therefrom should be used for the support of the three minor children of the marriage. The decree further provided for an allowance of $75 per month as "alimony and child support" to be paid by the husband until the further order of the Court. On May 3, 1948, in the divorce action a "Journal Entry and Order" was entered reciting the same to be pursuant to a "Motion for determination of amount due on delinquent child support." In the journal entry the court found E. E. Armstrong to be in contempt of court for failure to pay child support in compliance with its previous order; that he had failed to pay the income from the 40 acres for the support of the children and was in contempt thereby; that he had deposited in a Weleetka bank funds derived from said property; and that there was no longer any need for a restraining order against plaintiff from selling the land in Okfuskee County (only the 30 acres title to which is involved in this appeal were described). The order and decree entered on such findings reads:

"It is therefore ordered, adjudged and decreed by the court that the said plaintiff, Pearl Armstrong, have and recover of the said defendant, E. E. Armstrong, the sum of $2,135.00, with interest thereon at 6% per cent per annum from the 3rd day of May, 1948, and for the cost of this action fixed at $———, for all of which let execution issue; and the same to be a judgment lien on property of said defendant.

"It is therefore Ordered, Adjudged and decreed by the court that the said plaintiff, Pearl Armstrong, is vested with title to said money in the State National Bank of Weleetka, Oklahoma, that may be in the Armstrong account, or such other accounts that may contain Money from said above described lands in Okfuskee County, and further, the plaintiff may sell, convey, dispose or otherwise rid herself of said lands in Okfuskee County.

"It is therefore ordered, that the decree rendered on October 6, 1947, remain in full force and effect and not altered in any way." (Parties agree reference is to divorce decree.)

The divorce decree entered in 1944 was filed of record in Okfuskee County. The subsequent journal entry of 1948 was not so filed. No executions were issued. Plaintiff filed her action to quiet title on September 21, 1954.

Defendant recovered a judgment against E. E. Armstrong for $630.29, entered by the District Court of Kay County, January 8, 1949. Pursuant to levy on execution under this judgment an undivided one-half interest in the 40 acres was conveyed by Sheriff's deed to the defendant on September 14, 1954.

It appears from the record that on the date of the execution sale the children were of legal age.

Plaintiff testified that she had been in undisturbed possession of the land since 1947, through tenants, had since collected the rents from the tenants and paid the taxes. That she and her attorney had attended the sheriff's sale where it was announced on her behalf that she claimed the entire interest in the property.

There was no testimony on the part of defendant. The proof of the parties rested on the documentary evidence and the admitted facts as above outlined.

It is defendant's position that only a joint interest was acquired by plaintiff in the divorce decree and that it was not the

purpose of the court in the subsequent judgment, nor did the court have jurisdiction, to convey the interest owned by E. E. Armstrong under the divorce decree; that although plaintiff's judgment for delinquent child support payments was valid when entered, it had never become a lien on the interest owned by E. E. Armstrong in the Okfuskee County property by reason of the failure of plaintiff to file the judgment in that county and further, that the lien had expired entirely on the failure of plaintiff to cause execution to issue on the judgment within the statutory time.

 Plaintiff's argument in support of the judgment entered by the trial court in this case is based on the contention that by the divorce decree and the judgment entered in 1948 title to the interest owned by the former husband passed to her; that both the decree of 1944 and the judgment of 1948 are final and that defendant as a judgment creditor could acquire only such interest as the judgment debtor' had in the land. While it is true that, as contended by plaintiff, under the cases cited from this jurisdiction that defendant by the proceeding on execution only acquired what interest E. E. Armstrong actually had in the property, all such interest, if any, owned did pass. In Oklahoma State Bank of Wapanucka v. Burnett, 65 Okl. 74, 162 P. 1124, 4 A.L.R. 430, one of the cases cited by plaintiff, this court stated: "The judgment lien contemplated by Rev. Laws 1910, § 5148 [12 O.S.1951 § 706], is a lien only on the actual interests of the judgment debtor, whatever they may be."

Our inquiry in this case is as to what interest, if any, E. E. Armstrong owned at the time of the levy and sale. If the title fixed by the divorce decree was not subsequently disturbed E. E. Armstrong owned an undivided one-half interest and such was acquired by defendant through the execution sale.

The journal entry of 1948 provides for judgment in favor of plaintiff for delinquent child support payments; that execution issue thereon and that the judgment constitute a lien on the former husband's property. It is clearly expressed that the former judgment should remain undisturbed. Only in the words contained in the journal entry that "* * * plaintiff may sell, convey, dispose or otherwise rid herself of said lands in Okfuskee County", is there any suggestion that other than a money judgment with resultant lien was proposed. Plaintiff actually owned an undivided one-half interest in the land and had been apparently enjoined from conveying her interest, presumably by reason of the provision of the decree awarding the profits from the land to the support of the children. Considering the journal entry as a whole we cannot say that it clearly appears therefrom that the court proposed that a conveyance was then granted.

 Assuming that the journal entry is not clear on the question involved, the rule is that in construing obscure or ambiguous judgments to determine what was adjudged, the entire record should be considered, under the presumption that the court, in entering the judgment, intended to render a valid judgment under the issues presented. Filtsch v. Sipe, 198 Okl. 356, 178 P.2d 612. Under such rule we must find under the facts of this case that the court only granted judgment for recovery of the balance due on delinquent payments for support of the children. Such judgment was clearly within the powers of the court. Plaintiff having been awarded the custody of the children to whom the support money was directed to be paid was the real party in interest so far as the right to demand and receive the money was concerned and was free to maintain such action either in the court which rendered the original decree or in any other court of competent jurisdiction. Such action is to recover money upon a debt. Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914; Horn v. Horn, 80 Okl. 60, 194 P. 102. Such was the nature of the proceeding in which the 1948 judgment was entered. The court expressly stated that the former judgment adjudging the

parties joint owners should not be disturbed, and, indeed, the court then had no authority to modify its previous decree as to property ownership between the parties to the divorce action. Arnold v. Arnold, 194 Okl. 571, 153 P.2d 224. At the time the court granted the judgment for the delinquent payments, its power was limited to the rights of plaintiff on a claim for money due on a debt and such lien as might be imposed by provision of the judgment could be enforced only by and was limited to the statutory provisions for the enforcement of a money judgment. We do not know of any provision of law authorizing the court to order a conveyance under these circumstances.

■ It cannot be presumed that the court entering the judgment proposed an action beyond its powers.

■ A judgment for money only does not become a lien on realty of the judgment debtor unless and until it is duly entered on the judgment docket of the county in which the realty is located. Smith v. Citizens Natl. Bank of Okmulgee; 204 Okl. 586, 232 P.2d 618.

■ Plaintiff having failed to fulfill the statutory requirement, 12 O.S.1951 § 706, in this respect never acquired a lien on the interest owned by E. E. Armstrong in the Okfuskee County property and having failed to cause execution to issue on the Osage County judgment within the statutory time, from the entry thereof, the judgment became dormant and ceased to be a lien on the estate of the judgment debtor. 12 O.S.1951 § 735. The one-half interest owned by E. E. Armstrong was not impressed with a judgment lien in behalf of plaintiff at the time of the levy and sale made on execution to enforce defendant's judgment against E. E. Armstrong. It follows that title to an undivided one-half interest in the entire 40 acres passed to defendant by the execution sale and accordingly the judgment quieting title to the full interest in 30 acres in plaintiff was erroneously entered. The judgment is reversed and remanded to the trial court for entry of judgment consistent with the conclusions here reached.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., dissents.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford and approved by Commissioners Jean R. Reed and James H. Nease the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.