Ted HILL, Assignee of Equitable Life Assurance Society of the United States; First National Bank and Trust Company of Ponca City, Appellees,

v.

Patsy LANE, Appellant,

v.

Jack LANE; Gladys Lane; Luella Backhaus, County Treasurer of Kay County; Board of County Commissioners of Kay County; James Grace; Security Bank and Trust Company of Ponca City, Oklahoma; H. Thomas Leonard, Executor of the Estate of Melburn L. Leche, Deceased, Defendants,

Thelma Lane and Paula Johnson, Personal Representative of the Estate of Ruth W. Leche, Third–Party Defendants.

No. 78148.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 24, 1992.

Rehearing Denied Feb. 2, 1993.

Robert P. Kelly, Pawhuska, for appellant.

David S. Cummings, Derrin K. Hiatt, Ponca City, for appellees, First Nat. Bank and Trust Co. of Ponca City.

## MEMORANDUM OPINION

GARRETT, Judge:

In 1961, Jack Lane bought 160 acres of farm land. In 1966, he and his wife, Gladys Lane (Lanes), mortgaged 140 acres of this property to Prudential Insurance Company to secure a promissory note. In 1980, the Lanes conveyed one acre of the 140 acres to Thelma Lane and Jack Lane as joint tenants. Thelma is Jack's mother. She built a house on the one acre tract at her expense.

In 1983, the Lanes executed a second mortgage to the First National Bank and Trust Company of Ponca City (Bank) on 139 of the 140 acres mortgaged to Prudential to secure another promissory note. The one acre tract, previously conveyed to Jack and Thelma, was not covered by the second mortgage. In 1986, the Lanes and Thelma Lane conveyed the one acre tract to Patsy Lane (Appellant). Prudential assigned its note and mortgage to the Equitable Life Assurance Society of the United States. Neither Prudential nor Equitable are parties to this appeal.

Equitable filed an action on its promissory note and a foreclosure proceeding against the 140 acres. Bank filed a cross-petition on its notes and to foreclose its second mortgage on 139 acres. Bank asked the Court to marshal the assets. Bank wanted the Court to order Equitable to sell the one acre tract first and apply the proceeds of that sale to its note before selling the remaining 139 acres. Bank contended that if the one acre tract was sold before the remaining 139 acres, the sale of the one acre tract would satisfy the first mortgage. Equitable's mortgage on the 140 acres was foreclosed. Its judgment against the Lanes exceeded $35,000.00. Equitable assigned its judgment to Ted Hill and Hill was substituted as Plaintiff. The Court entered summary judgment for Bank on its note and second mortgage. Bank's judgment against the Lanes exceeded $2,500,000.00. All judgments against the Lanes were in rem as the Lanes had filed bankruptcy. In addition to foreclosing both mortgages, the Court granted Bank's request to marshal the assets. Appellant was not liable on any of the notes.

In a previous case, Appellant appealed only that portion of the judgment which ordered marshaling of the assets. This Court reversed. 793 P.2d 312. The basis for the reversal and remand to the Court below in the previous appeal was the error of the trial court in entering judgment for bank without allowing Appellant to respond to Bank's motion.

After remand, Bank again moved for summary judgment on the issue of marshaling the assets. Appellant also moved for summary judgment and requested the court to order the sale of the properties in inverse order of alienation. The trial court sustained Bank's motion, denied Appellant's motion, and entered judgment requiring the parties to marshal the assets.

Appellant contends the Court erred in granting Bank's application, because the doctrine is equitable and may not be applied where a third party's rights are prejudiced. She asserts her rights were so prejudiced. She further contends the application of the marshaling doctrine precludes her from applying the beneficial doctrine of inverse alienation.

42 O.S.1991 § 17 provides for marshaling:

Where one has a lien upon several things, and other persons have subordinate liens upon or interests in, some but not all of the same things, the person having the prior lien, *if he can do so without* the risk of loss to himself, or *injustice to other persons*, must resort to the property in the following order, on the demand of any party interested:

1. To the things upon which he has an exclusive lien;

2. To the things which are subject to the fewest subordinate liens;

3. In like manner inversely to the number of subordinate liens upon the same thing; and,

4. When several things are within one of the foregoing classes, and subject to the same number of liens, resort must be had,—

(a) To the things which have not been transferred since the prior lien was created;

(b) To the things which have been so transferred without a valuable consideration; and,

(c) To the things which have been so transferred for a valuable consideration.

(Emphasis supplied.)

■ Section 17 provides for the order of resort to property for the payment of liens so that a junior lienholder may compel a superior lienholder to first resort to the property on which the superior lienholder has an exclusive lien. *Burke v. Marshall,* 83 P.2d 395 (Okl.1938). Generally, marshaling of assets is an equitable doctrine and may not be enforced to the prejudice of a third party. *Webb v. Hunt,* 2 Ind.T. 612, 53 S.W. 437 (1899). Oklahoma's statute (§ 17) prohibits use of this principal in cases where an "injustice to other persons" will occur.

■ Appellant states the equitable doctrine of marshaling assets may not be applied as it would cause her an injustice. Bank contends that equity will not assist one in extricating herself from circumstances which she helped create. *State ex rel. Burk v. Oklahoma City,* 522 P.2d 612 (1974) appeal after remand 556 P.2d 591 (Okl.1976).

Appellant took title to the one acre tract with constructive notice of the existing mortgage to Prudential and its successors. 46 O.S.1991 § 7. However, she is not charged with constructive notice of Bank's mortgage. Bank's mortgage specifically excepted Appellant's one acre from its coverage. If she knew of Bank's mortgage, then Appellant and Bank both knew that Bank did not claim any lien on her house and one acre tract of land. Under the facts of this case, marshaling assets obviously results in injustice to Appellant. Bank would, in effect, acquire rights similar to those of a lienholder, to Appellant's property.

■ Equity follows the law where the rights of the parties are clearly defined and established by law, and equity has no power to change those rights. *Independent School District No. 89 of Oklahoma County v. Oklahoma City Federation of Teachers, Local 2309 of American Federation of Teachers,* 612 P.2d 719 (Okl.1980). Section 17 clearly bars the use of the doctrine of marshaling assets, and that doctrine is not applicable to this case. This was error.

■ Finally, Appellant contends the Court should apply the doctrine of inverse alienation. We agree. The trial court's finding that the doctrine of inverse alienation is inapplicable here was error and was against the clear weight of the evidence. Bank argues the doctrine of marshaling assets is a superior equitable principle, and especially it is superior to the doctrine of inverse alienation. Since we conclude the marshaling principle is inapplicable, we are left only to decide whether inverse alienation should be applied.

In our view, equity will be served by sustaining Appellant's motion to require the Plaintiff (now Hill) to apply the doctrine of inverse alienation. That will require sale of the 139 acres first. If the proceeds are sufficient to pay the principal, costs, expenses and attorney's fees assignable to Plaintiff's first mortgage, then sale of Appellant's property will become unnecessary. Hill will not be damaged because, if necessary, the one acre shall then be sold.

It becomes unnecessary to consider other arguments made by the parties. Some of the issues presented were not properly preserved for review in the Petition In Error. They may not be considered. *Nu–Pro, Inc. v. G.L. Bartlett & Co., Inc.,* 575 P.2d 618 (Okl.1977).

REVERSED AND REMANDED for further proceedings consistent with this opinion.

ADAMS, P.J., and JONES, J., concur.