E. G. LEWIS v. JAMES ATHERTON AND CLINTON L. CALD-WELL, *as Assignee of Angell Mathewson & Co.*

UNRECORDED DEED—*Subsequent Judgment Lien, Priority of.* Under § 13, ch 21, Oklahoma Statutes 1893, a judgment, in the district court, against parties who had been seized of real estate, and in whom the title still appears of record, becomes a lien upon the property, notwithstanding that the judgment debtors had previously executed a deed conveying said real estate to a third party, regardless of whether the judgment creditor had actual notice of such conveyance or not.

*Error from the District Court of Payne County.*

This is an action of injunction brought by Ervin C. Lewis against James Atherton, as sheriff of Payne

county, Oklahoma Territory, to restrain him from selling blocks 2 to 10, inclusive, of Lewis' first addition to the town of Stillwater, in said county and territory.

*Neal & Clark*, for plaintiff in error.

*King & Hutto*, for defendants in error.

The opinion of the court was delivered by.

KEATON, J.:   The trial court sustained a demurrer to the plaintiff's petition and plaintiff brings the cause here to review this ruling of said court.

Plaintiff's said petition, omitting the caption, is as follows:

"Now comes the above-named plaintiff, and for his cause of action against the above-named defendant, says: That he is the owner of (in fee simple) the following described real estate, to-wit:   Blocks two (2), three (3), four (4), five (5), six (6), seven (7), eight (8), nine (9) and ten (10), in Lewis' first addition to the town of Stillwater, in the county of Payne, and Territory of Oklahoma; and that .plaintiff was the owner of said above-described real estate on the ninth day of January, 1895, and long prior thereto, as shown by warranty deed, a copy of which is hereto attached, marked 'Exhibit A' and made a part hereof.

"Plaintiff further says:   That the defendant, James Atherton, has levied on said above described real estate by virtue of an execution issued by the clerk of the district court of Payne county, Oklahoma Territory, upon a judgment rendered in said court, in favor of Clinton L. Caldwell, assignee of Angel Mathewson & Co., against Vessa Lewis, and George W. Lewis, and plaintiff says that he is not now, nor ever was indebted to Clinton L. Caldwell, or Angel Mathewson & Co., and that the said Vessa Lewis and George W. Lewis have no interest in said above described real estate, and had no interest in

the said above-described real estate at the time of issuing said execution, and that the defendant has advertised said described real estate to be sold at sheriff's sale on the first day of April, 1895, at 2 o'clock P. M., and that the defendant will, unless restrained by this court, proceed to sell said real estate, and thereby work an irreparable injury and damage to plaintiff; that plaintiff has no adequate remedy at law.

"Wherefore, plaintiff prays the court for a temporary injunction restraining defendant from selling or disposing or in any way interfering with said real estate until the final hearing of this cause, and that upon the final hearing, said injunction be made perpetual, and for such other and further relief as the court may deem just and equitable.                    NEAL & CLARK,
Attorneys for Plaintiff.

"Ervin G. Lewis, being duly sworn, says that he has read the above and foregoing petition and that the same is true.                    ERVIN G. LEWIS.

"Subscribed and sworn to before me this twentieth day of March, 1895.          W. L. NORMAN,
[SEAL.]                    Deputy District Clerk."

The demurrer thereto is upon the ground that, "Said petition does not state facts sufficient to constitute a cause of action."

The petition in this case, including the exhibit attached thereto and made a part thereof, shows that plaintiff in error purchased the land described therein from Vessa Lewis and George W. Lewis, husband and wife, on the nineteenth day of January, 1894, for the sum of one hundred dollars, receiving a deed therefor, which was filed for record in the office of register of deeds of said county on March 5, 1895, at 1 o'clock P. M.; that Clinton L. Caldwell recovered a judgment against the grantors of plaintiff in error and had an execution issued thereon, and at the time of the commencement of this

action James Atherton, as sheriff of said county, was proceeding to sell said real estate under said execution, but the petition does not disclose the date of said judgment, or even the date on which execution issued thereunder. It is true that plaintiff alleges in his said petition that his grantors, Vessa Lewis and George W. Lewis "had no interest in said above described real estate at the time of issuing said execution," but this allegation does not disclose when said judgment was obtained or the execution issued, hence we think it extremely doubtful whether or not said petition is sufficiently definite to present the question argued by counsel for plaintiff in error in their brief, to-wit: The validity of an unrecorded deed of conveyance as against a subsequent judgment lien covering the same real estate; but as this question is one of considerable importance and has never been passed upon by this court, we shall assume that the petition is sufficiently definite to fairly present the same and which, it seems to be conceded, the actual facts, if properly pleaded, would present.

The determination of the proposition presented requires a construction of § 13, ch. 21, p. 379, Oklahoma Statutes, 1893, which is in the following language: "All deeds, conveyances or agreements in writing affecting the title to real estate, interests therein, and powers of attorney for the conveyance of real estate or interest therein, only (duly) acknowledged or proven, may be recorded in the office of the county clerk, or the recorder of deeds, if the office of the recorder of deeds is separate from that of the county clerk, wherein such real estate is situated, and from and after the filing thereof, for record in such office, and not before, such deeds, conveyances and agreements shall take effect as to subsequent

*bona fide* purchasers, and incumbrances by mortgages, judgment or otherwise," in connection with § 432 of the civil code, Oklahoma Statutes, 1893, which provides that, "Judgments of courts of record, of this territory, and of courts of the United States rendered within this territory, shall be liens on the real estate of the debtor, within the county in which the judgment is rendered, from the first day of the term at which the judgment is rendered."

Counsel for plaintiff in error cite a number of decisions, and we have examined as many of them as could be found. We consider many of the cases so cited inapplicable and do not think any of them support the contention of counsel, unless it be *Holden v. Garrett*, 23 Kas. 66, which we shall notice later. *Brown v. Pierce*, 7 Wall. 205, *Baker v. Morton*, 12 Wall. 150 and *Galway v. Malchoner*, 7 Neb. 285, are cited in the brief of counsel for plaintiff in error as supporting their contention. These decisions are all based upon the recording act then in force in Nebraska, which is in the following language: "All deeds, mortgages, and other instruments of writing, which are required to be recorded, shall take effect and be in force from and after the time of delivering the same to the clerk for record, and not before, as to all creditors and subsequent purchasers, in good faith without notice, and all such deeds, mortgages, and other instruments, shall be adjudged void as to all such creditors and subsequent purchasers without notice, *whose deeds, mortgages, and other instruments, shall be first recorded: Provided*, that such deeds, mortgages, or instruments shall be valid between the parties." Section 16, of ch. 73, of the complied statutes of Nebraska, is identical with the section just quoted, except that

instead of the word "clerk," the words "register of deeds" are used. In *Galway v. Malchoner, supra,* the supreme court of Nebraska quote the following section from the revised statutes of Illinois: "All deeds, mortgages, and other instruments of writing, which are authorized to be recorded, shall take effect and be in force from and after the time of filing same for record, and not before, as to all creditors and subsequent purchasers without notice, and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record," and then say: "Under the operation of this section the supreme court of that state has held that as between an attachment, or judgment creditor, and the grantee in an unrecorded conveyance, the former is to be preferred," citing cases, and then proceed: "While there can be no doubt of the soundness of the rule adopted in these cases under the statutes of Illinois, which makes an instrument void *until the same shall be filed for record,* it is very clearly inapplicable to ours, which makes it void only as to such creditors and subsequent purchasers, without notice, *whose deeds, mortgages, and other instruments, shall be first recorded.* This section evidently has no reference whatever to simple judgment creditors who, by force of another statute, (§ 477, Code of Civil Procedure), have a general lien upon all of the lands of the debtor lying within the county where the judgments are rendered;" and further on, in this said opinion, the supreme court of Nebraska say: "As we have already shown our recording act confers no advantage whatever upon a mere judgment creditor whose lien upon the estate of his debtor is declared by another statute. * * * We are of the opinion, therefore, that, under the statute

in question, the lien of these judgment creditors have no standing as against the equitable liens of the prior mortgagees."

Several Iowa cases are also cited by counsel for plaintiff in error in their said brief as supporting their position, but these decisions are all based upon a statute which provides:

"That no instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded." (See *Evans v. McGlasson*, 18 Iowa, 150.)

In discussing the question of whether or not, under this statute, a judgment creditor has a prior lien to that of a mortgagee holding an unrecorded mortgage, the supreme court of Iowa uses the following language:

"Now, how is it with the plaintiff in this suit? He obtained, it is true, a judgment without notice, which took effect as a lien upon the property in controversy, but this did not make him a purchaser, nor give him a preference over prior equities or unrecorded mortgages, *simply because our registry laws do not protect judgment creditors as they do purchasers.* When he afterwards became a purchaser at sheriff's sale under his judgment he did so with notice of defendant's mortgage; and thus being affected with notice, he was not a *bona fide* purchaser. Had he regarded this notice he would not have purchased, and thus unnecessarily have incurred the hazard of loss.

"Under the recording act of 1843, the plaintiff would have been brought within the rule laid down in the case of *Tuthill v. Brown*, 1 G. Greene 189, and of *Martin v. Dryden et al.* 1 Gil. 217, *because these acts placed a subsequent purchaser and a judgment creditor without notice on the same footing and protected each alike against prior unrecorded equities.* But the code has materially changed the recording acts, and hence the authorities no longer apply, nor do the other authorities referred to by

plaintiff's counsel, from Ohio, Pennsylvania, Massachusetts, Kentucky and Tennessee, for the reason that they are founded on express legislative enactments to the effect that judgments shall be preferred to unrecorded mortgages and deeds, or that such instruments possess no validity until after they are recorded." (See *Seevers v. Delashmutt*, 11 Iowa, 174).

Several California cases are also cited in support of the contention of plaintiff in error, but these decisions are based upon a recording act very similar to those of Nebraska and Iowa. In the case of *Hunter v. Watson*, 12 Cal. 263, the supreme court of that state, in discussing this question, says:

"It is not necessary to review the various decisions of this court. The questions we are considering turn upon the proper construction of the twenty-fourth and twenty-sixth sections of the recording act of 1850. This is the language of the twenty-fourth section, as amended in 1855: 'Every conveyance of real estate, and every instrument of writing, setting forth an agreement to convey any real estate, or whereby any real estate may be affected, proved, acknowledged, and certified in the manner prescribed in this act to operate as notice to third persons, shall be recorded in the office of the recorder of the county in which such real estate is situated, but shall be valid and binding between the parties thereto without such record.'

"The twenty-sixth section is as follows: 'Every conveyance of real estate within this state, hereafter made, which shall not be recorded as provided in this act, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate, or any portion thereof, where his own conveyance shall be first duly recorded.'

"It would seem that the legislature designed, in the twenty-fourth section, to hold that the recording of the deed was necessary to give notice of it to third persons, and supposed that the want of such notice invalidated the

7—v.

deed as to them; but that afterwards the twenty-sixth section was inserted, which was intended to qualify and limit the effect of this provision.   The twenty-sixth section is taken from the legislation of New York on that subject, and is in the words of a section of the statute of that state.   Taking both sections together, it seems evident that the true construction is, that the failure of a grantee to record a deed does not absolutely and without exception avoid the deed as to third persons; for, if it did, it is impossible to give effect to the words '*bona fide* purchaser for a valuable consideration.'   The failure to register only protects this class of persons.

And in *Wilcoxson v. Miller*, 49 Cal. 193, it is held, that "The plaintiffs claim that the sheriff's deed has priority over that of Morton to Mezzick, on the ground that the lien of their judgment is a conveyance within the meaning of the registry act, but there is nothing in the act which gives countenance to that position; and there is no ground upon which the priority claimed for the judgment lien can be maintained."

We now come to the case of *Holden v. Garrelt, supra*, upon which counsel for plaintiff in error chiefly rely. The recording act, which in part at least, controlled the decision of this case, is quite different from ours, and provides that,

"SEC. 19.   Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, proved or acknowledged, and certified in the manner hereinbefore prescribed, may be recorded in the office of register of deeds of the county in which such real estate is situated.

"SEC. 20.   Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed to purchase with notice.

"SEC. 21. No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record." (Chapter 22, p. 207, Com. Laws Kas. 1885.)

Justice Brewer wrote the opinion of the court in said case and his reasoning on the question involved is, in part, as follows:

"With much hesitation, and after a long and careful examination of the question it its various relations, we have reached the conclusion that the lien of the mortgage must be adjudged prior and paramount. These are the reasons which have controlled us: It gives exact force to the statute declaring to what a judgment lien and an execution levy extend. Judgments 'shall be liens on the real estate of the debtor within the county.' (Dass. Comp. Laws 1879, p. 656, S. 419.) This evidently contemplates actual and not apparent ownership. The judgment is a lien upon that which is his, and not upon that which simply appears to be his. How often the legal title is placed in one party when the equitable title, the real ownership, is in others? Many reasons induce this—convenience in managing, facility in passing title, number of parties interested, and others needless to mention. And yet the record discloses only the naked legal title. Now, if the judgment is a lien upon all that appears, it will cut off all the undisclosed equitable rights and interests. To extend the lien to that which is not, but which appears of record to be, the defendant's, is to do violence to the language. 'Real estate of the debtor' plainly means that which is in fact of or belonging to the debtor. And he who claims under a judgment lien can take no more than the statute gives. The question is not what right some one else may have, but what rights does he acquire?"

While we have great respect for the ability of the learned justice who wrote the language above quoted, yet we cannot agree with the reasoning thereby

expressed. We do not doubt the correctness of the conclusion arrived at in the case just cited and quoted from, for we think that, construing §§ 20 and 21 together, the legislature intended to provide that no such instrument should be valid, as to all subsequent purchasers and mortgagees without actual notice thereof, until it was deposited for record. But, after giving to § 21 the broad meaning which Justice Brewer seems to do, we think the better reasoning would be to say that, except as to the parties themselves and others having actual notice of such an instrument, no conveyance was made and no title, whatever, passed from the grantor to the grantee. This view has been repeatedly expressed by the supreme court of the state of Ohio in construing a similar statute which declares that all mortgages "shall take effect from the time they are recorded." (*Stansel v. Roberts*, 13 Ohio, 148; *Mayham v. Coombs*, 14 Ohio, 429; *White v. Denman*, 16 Ohio, 60; *Holiday v. Franklin*, 16 Ohio, 534).

The statute of this territory upon the question under consideration is much more explicit than that of any other state to whose statutes we have had access. By our statute judgment liens are specifically made superior to titles which can be conveyed by unrecorded, though previously executed, instruments; hence, to give an unrecorded deed precedence over a subsequent judgment lien, we must nullify or repeal this statute and would thereby assume the functions of a legislative body instead of performing the duties of a court. We have been unable to find a single decision, based upon a statute similar to ours, which holds that a judgment lien is inferior to a title acquired by a previously executed, unrecorded deed or mortgage.

In addition to the decisions of the supreme courts of Ohio and Illinois, our view of this question is supported by decisions of the supreme courts of Minnesota and New Jersey; (see *Dutton v. McReynolds*, 16 N. W. 468,) where it is held that, "a judgment, docketed against one who had been seized of real estate, and in whom the title still appears, of record, becomes a lien upon the property, notwithstanding a prior unrecorded conveyance of it by the debtor, the judgment creditor having no notice of such conveyance;" also, *Howell v. Brewer*, 5 Atl. 137, and *Roane v. Baker*, 2 N. E. 501.

The same rule of construction is announced in the text books; see Tiedman on Real Property, § 817 a, p. 808, where it is stated that:

"When, however, the recording laws declare that a judgment lien shall have precedence over the unrecorded mortgage or a conveyance, the statutory provision must prevail, giving to the judgment lien priority over the unrecorded mortgage even though the judgment creditor knew when the judgment was docketed that such unrecorded mortgage existed."

While it is true, as suggested by counsel for defendant in error in their brief, that the question of whether or not a different rule would obtain if the judgment creditor had notice of the conveyance prior to his obtaining the judgment, is not raised by the pleadings in this case, yet we feel warranted in saying that, under the recording act of our statutes, it is immaterial whether or not a judgment creditor has notice of a former deed, mortgage or other unrecorded instrument of conveyance. It is only necessary that the judgment be *bona fide*, meaning, we presume, that it must be a valid one, *i. e.*, that it be based upon a legal consideration and not tainted with fraud. Without assuming here to state exactly what

the legislature meant by the term *bona fide* as applied to judgments, we are certain that knowledge of an unrecorded instrument of conveyance executed by his debtor, on the part of a judgment creditor prior to acquiring his judgment, would have no tendency to affect the *bona fide* thereof.

Finding no error in the record, the judgment of the district court is affirmed at the cost of plaintiff in error.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.