GILBREATH *et al.* v. SMITH.

No. 4710.    Opinion Filed July 13, 1915.

(150 Pac. 719.)

1. **JUDGMENT—Transcript of Justice's Judgment—Lien.** The lien of a justice of the peace judgment, created by filing a transcript thereof in the district court under sections 5217, 5218, and 5148, Rev. Laws 1910, attaches only to the actual interest of the judgment debtor in the lands involved, whatever that may be; and therefore, though he appears to have an interest, if he has none in fact, no lien can attach.

2. **SAME—Judgment Creditor—Lien.** On May 24, 1911, B. filed in the district court a transcript of a judgment rendered in a justice court against G. On September 22, 1911, lots, standing on the record in the name of G., were sold under execution to B., the judgment creditor. On November 14, 1911, B. received a

sheriff's deed, which was placed of record January 26, 1912. On April 10, 1911, G. conveyed the lots by deed to C. On January 18, 1912, C. conveyed to M., and on January 22, 1912, these last-mentioned deeds were placed of record. **Held,** that as the title passed from G. prior to the filing of the judgment of the justice of the peace in the district court G. had no interest to which the lien of such judgment could attach, and that the title of M. was superior to that of B, who purchased at the execution sale.

(a)   A judgment creditor has not the protection of a **bona fide** purchaser.

3.   **LIS PENDENS—Sale Pending Suit — Right — Substitution of Party.** There is nothing in section 2259, Rev. Laws 1910, to prevent the owner of land, in possession, from selling and conveying same during the pendency of his suit to remove clouds from, and quiet his title to, the lands sold, nor does such section prohibit any one from purchasing such lands under such circumstances.

(a)   In such event, it is not error to allow the purchaser of the lands to be substituted as party plaintiff in the suit to quiet title.

(Syllabus by Brewer, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by N. Myers against S. D. Gilbreath and another, doing business as Gilbreath & Power, and J. Fred Burlingame.   William H. Smith was substituted as party plaintiff, and recovered judgment, and defendants bring error.   Affirmed.

*Darnell & Darnell,* for plaintiffs in error.

*George T. Webster,* for defendant in error.

Opinion by BREWER, C.   This suit was brought on February 1, 1912, to set aside a sheriff's deed to lots 1 to 12, inclusive, in block 65, in the city of Weatherford, Okla., by N. Myers, as plaintiff, against S. D. Gilbreath and Tom Power, doing business as Gilbreath & Power, and J. Fred Burlingame, who were purchasers of said lots under the sheriff's deed attacked.   On the 24th day of May, 1911, defendant Burlingame filed in the district

court a transcript of a judgment of a justice of the peace against R. W. Gore; and on June 10, 1911, defendants Gilbreath & Power likewise filed such a trancript in the district court against Gore. Thereafter execution was issued on said judgments and levied on the lots involved here, which, so far as the record was concerned, were standing in the name of Gore. On September 22, 1911, the same were sold and bought in by the defendants, who were judgment creditors. The sheriff's deeds for the lots were issued November 14, 1911. These deeds were placed of record January 26, 1912. On February 8, 1911, Gore executed a deed to the lots in question, leaving the name of the grantee blank, for the purpose of taking same to Oklahoma City, where he thought he had arranged to trade the lots for other property. This trade not being consummated, through the instrumentality of others, on April 10, 1911, the lots were traded for an equity in certain farming lands in Dewey county, and with Gore's approval and acquiescence, the blank in said deed was filled in with the name of T. T. Clark, to whom the consideration for the farming lands was to go. This deed was recorded January 22, 1912, along with a deed, dated January 18, 1912, from the said T. T. Clark, conveying the lots to N. Myers, the original plaintiff in this case. After this suit was brought by Myers, who was in possession of the property, to cancel the sheriff's deed and clear title, Myers conveyed the lots to Wm. H. Smith, who was, on August 5, 1912, substituted as party plaintiff in this suit, and in whose name it later proceeded. At a trial of the cause, the court instructed the jury to find for the plaintiff, which was done, and a decree was thereupon rendered, canceling the sheriff's deed and quieting the title in Smith, the substituted plaintiff. Defendants,

in their answer, set up the facts substantially as herein stated, claiming that the judgment lien and sale on execution gave them a superior title, and also made the further defense of notice, conspiracy, and fraud between Gore and the other parties in the chain of title under which plaintiff claimed.

There is nothing in the contention that the transcripts of judgments from the justice of the peace court created a lien, which was superior and paramount to the title of plaintiff and his vendors, which passed out of Gore on April 10, 1911, prior to the filing of the transcripts of judgments. The lien of a judgment attaches only to the interest in real estate owned by the judgment defendant; and judgment creditors are not *bona fide* purchasers. Such creditors part with nothing to acquire the lien. *J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co. et al.*, 39 Okla. 748, 136 Pac. 369; *Scott-Baldwin Co. et al. v. McAdams*, 43 Okla. 161, 141 Pac. 770.

In the Walton Trust Company Case, *supra,* it is said:

"(4) The lien of a judgment does not attach to the mere legal title to land, standing in the name of the judgment debtor, when the equitable estate is in another, and a transitory seisin of lands by the judgment debtor, in trust for another, will not subject them to the lien of a judgment. (5) This rule applies where the judgment debtor, although having the legal title to the lands, holds it subject to a resulting trust in favor of another. (6) The judgment lien contemplated by section 5941, Comp. Laws 1909 (Rev. Laws 1910, sec. 5148), is a lien only on the actual interest of the judgment debtor, whatever that may be; therefore, though he appear to have an interest, if he has none in fact, no lien can attach."

In the McAdams Case, *supra,* it is said:

"A contract for the sale of land, *bona fide,* made for a valuable consideration, vests the equitable interest in

the vendee from the time of the execution of the contract, and a transcript of a judgment in favor of a third person against the vendor filed in the county in which the land is situated, subsequent to the making of such contract, but prior to the time of its complete performance, cannot defeat or impair the equitable interest thus acquired."

See, also, *Adams v. White*, 40 Okla. 535, 139 Pac. 514, and authorities cited.

While it may be somewhat unusual and irregular to do so, we know of no reason why an owner of land may not execute a deed thereto, with the name of the vendee blank, upon a certain date, and afterwards insert, or cause to be inserted, the name of a vendee, and thus, when the deed is completed, pass the title by its delivery to the person buying the land. Of course, in such case, and it is true here, the title did not pass until the delivery of the deed. In this case it was on April 10, 1911, when there was no judgment lien against the property.

2. Considerable space in plaintiff in error's brief is devoted to an attempt to show that there was some evidence tending to support the charge of fraud and conspiracy, etc., but we have examined, not only the briefs, but also the record, carefully, and have not been convinced that there is any evidence to sustain this contention so as to require its submission to a jury. This being true, and plaintiff's title being superior, under the law, to that of the purchasers under the sheriff's deed, it was not error for the court to direct the jury to find for the plaintiff.

3. Plaintiffs in error make some contention that it was reversible error in the court to allow Smith to be substituted as plaintiff below, on the theory that he and

the original plaintiff, Myers, violated the law in selling the land while litigation was pending. To sustain this contention, they cite section 2214, Comp. Laws 1909 (section 2259, Rev. Laws 1910), which reads as follows:

"Any person who takes any conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the pendency of such suit, and that the grantor was not in possession of such lands, is guilty of a misdemeanor."

There does not seem to be anything in this contention, as the plaintiff Myers was in possession and suing to clear his title. The statute above quoted, carefully read, does not prevent a conveyance by the owner of land under such circumstances.

We think the judgment of the court was right, and that the same should be affirmed.

By the Court: It is so ordered.