### LUNN v. KELLISON et al.

No. 5839—Opinion Filed Dec. 21, 1915.

Rehearing Denied Jan. 11, 1916.

Leave to File 2nd. Petition for Rehearing

Denied Nov. 6, 1917.

(153 Pac. 1136.)

**Judgment—Records—Lien — Property Subject—Unrecorded Deed—"Third Person."**

L. recovered a judgment in a justice court against K. and filed a transcript thereof in the district court of Harmon county, upon which an execution was issued and levied upon lots which, so far as the records of said county showed, belonged to K. Said lots were sold under said execution, and a motion was made in district court to confirm said sale. On the hearing of said motion it was shown that the lots in controversy had been sold respectively to the parties resisting said confirmation prior to the filing of said transcript, but that the conveyances thereof had not been filed for record in the register of deed's office of said county until after said sale. Held, that said judgment lien attached only to the actual interest of the judgment debtor in said lots, and that, though he appeared to have an interest in the lots sold, he had none in fact, and no lien attached to the lots sold. Held, further, that in a judgment lien the plaintiff therein is not a "third person," within the meaning of section 1195, Comp. Laws 1909 (section 1154, Rev. Laws 1910).

(Syllabus by Collier, C.)

Error from District Court, Harmon County; Frank Mathews, Judge.

Action by J. K. Lunn against J. W. Kellison and others. Judgment for defendants on appeal to the district court from justice's court, and plaintiff brings error. Affirmed.

Cox & Miller, for plaintiff in error.

A. M. Stewart, for defendants in error.

Opinion by COLLIER, C. This case was heard in the trial court upon substantially the following agreed statement of facts: That on the 2d day of December, 1912, J. K. Lunn recovered a judgment in a justice court of Harmon county against J. W. Kellison in the sum of $65.25, and costs of $3.75; that on the 9th day of December, 1912, a transcript of said judgment was duly filed in the office of clerk of the district court of Harmon county; that said judgment is a valid judgment, and that the transcript of said judgment is now filed of record in the office of the clerk of the district court; that on the 27th day of January, 1913, an execution was issued out of said district court on said transcript of said judgment, and placed in the hands of the sheriff of said county; that said sheriff levied upon certain lots shown by the records of said Harmon county to belong to the defendant in execution, and, after due and legal notice and proper advertisements, said property levied upon was sold; that a part of said property so sold is claimed by defendants in error not to be the property of the defendant in execution, but to belong to them; that the same has been sold and conveyed to them respectively by the defendant in execution prior to the rendition of said judgment; that said respective conveyances were not filed for record in the office of the register of deeds of Harmon county until after the levy of said execution thereon; that at the time of levy of said execution, so far as is shown by the records of said county, the title to said lands was in defendant in execution; that at the sale of said property the defendants gave notice of their claim of ownership of said property. Said lots were sold and a motion made to confirm said sale in the district court of said county, and said confirmation was opposed by the claimants of said lots.

Upon the hearing the court denied plaintiff's motion to confirm said sale, to which plaintiff excepted. Thereupon plaintiff in error filed a motion for a new trial, which was overruled and excepted to. To reverse the order of said court denying confirmation of said sale, this appeal is prosecuted.

It is admitted by plaintiff in error that there is but one question involved in this appeal; that is, whether the judgment lien was superior to the title of the purchasers of said lots who had bought same from defendant in execution prior to the rendition of said judgment, upon which said execution

was issued, but whose deeds had not been filed for record in the office of the register of deeds of said county prior to the levy of said execution upon said lots. The only question involved in this appeal is not an open one in this jurisdiction; it being beyond question that the plaintiff in error is not a third person, as defined in section 1195, Comp. Laws 1909 (section 1154, Rev. Laws 1910).

In Gilbreath et al. v. Smith, 50 Okla. 42, 150 Pac. 719, Judge Brewer says:

"The lien of a judgment attaches only to the interest in real estate owned by the judgment defendant; and judgment creditors are not bona fide purchasers. Such creditors part with nothing to acquire the lien. J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co. et al., 39 Okla. 748, 136 Pac. 769; Scott-Baldwin Co. et al. v. McAdams, 43 Okla. 161, 141 Pac. 770."

In the Walton Trust Co. Case, supra, it is said:

"The judgment lien contemplated by section 5941, Comp. Laws 1909 (Rev. Laws 1910, § 5148), is a lien only on the actual interest of the judgment debtor, whatever that may be; therefore, though he appear to have an interest, if he has none in fact, no lien can attach."

The "third person" defined by said section 1195, supra, refers to one who is an innocent purchaser for value, or an incumbrancer, and does not in any wise apply to a judgment creditor with a lien.

The trial court, having held in accord with the unbroken line of authorities of this court, did not commit prejudicial error in refusing to confirm the sale of said lots.

This cause should be affirmed.

By the Court: It is so ordered.