## LEACH v. KINCAID.

No. 16469—Opinion Filed March 2, 1926.

1. **Execution—Erroneous Refusal of Injunction Against Sale Where Third Party Shows Title to Property.**

Where plaintiff, in a suit to enjoin the sale of property levied upon under an execution issued against a third party, alleges ownership of the property to be in him, and the defendants answer by general denial, and at the trial plaintiff introduces evidence tending to establish title in himself as alleged in his petition, and the defendants offer no

evidence, a judgment of the court denying the injunctive relief prayed for is erroneous.

**2. Execution—Levy—Lien—Only Actual Interest of Debtor in Property Affected.**

"The issuance and levy of an execution upon property fixes a lien thereon in favor of the judgment creditor only to the extent of the judgment debtor's actual interest in the property. Any apparent but not actual interest of the debtor therein, as a general rule, neither extends nor restricts the operation of the execution lien." Hamilton v. Brown, 31 Okla. 213, 120 Pac. 950.

**3. Injunction—Erroneous Allowance of Attorney's Fee to Defendants.**

Where the court issues a temporary injunction, and upon final hearing dissolves the temporary injunction and denies permanent injunctive relief, and, without pleading or evidence to support it, enters a judgment in favor of defendants and against the plaintiff for an attorney's fee, such judgment for attorney's fee cannot be upheld on appeal.

**4. Execution—Judgment Refusing Injunction Against Sale Reversed.**

Record examined, and held, to require that the judgment be reversed, and the cause remanded, with directions to enter judgment for plaintiff, permanently enjoining the sale of the property herein involved under the execution levied thereon.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by J. B. Leach against G. A. Kincaid, Felix Gibson, and Brigham Young, Sheriff of Stephens County. From the judgment the plaintiff appeals. Reversed and remanded.

H. B. Lockett, for plaintiff in error.

J. P. Speer and E. H. Bond, for defendants in error.

Opinion by SHACKELFORD, C. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

It appears from the record that the defendants Kincaid and Gibson caused execution to issue out of the district court of Stephens county against S. O. White, to satisfy a judgment amounting to $3,304 they had obtained against White, probably in April, 1922, and the same was placed in the hands of the defendant Brigham Young, sheriff. The execution was levied upon lot 6 in block 44 of the town of Comanche, Stephens county, Okla. The plaintiff, J. B. Leach, commenced his action in the district court of Stephens county against the judgment plaintiffs, as defendants in this action, and against Brigham Young, sheriff of Stephens county, seeking to enjoin the sale under the execution. The petition alleges ownership of the property in plaintiff; and that S. O. White has no interest whatever in the property; but that the sheriff will proceed to sell the property under the execution to satisfy the judgment against White, unless the sheriff and defendants are restrained from so doing; that the plaintiff has no adequate remedy at law. The prayer is for injunctive relief. The defendants answered the plaintiff's petition by general denial.

A jury was impaneled to answer interrogatories to be propounded upon the trial of the cause, and the plaintiff's evidence was submitted. At the close of plaintiff's evidence the defendants demurred thereto as insufficient to support a judgment for the injunctive relief prayed. The demurrer was overruled. The defendants rested without introducing any evidence. The trial judge discharged the jury, apparently for the reason that there was no disputed question of fact to be determined by the jury. The court took the cause under advisement, and later rendered a judgment in favor of the defendants, dissolving the temporary injunction and denying the permanent injunctive relief prayed; and entered a judgment in favor of the defendants and against the plaintiff for the sum of $100 as and for their attorney's fee, and for costs. The plaintiff appeals, and presents for reversal: (1) That the judgment is contrary to the law and the evidence; (2) that the court erred in rendering judgment for defendants and against plaintiff for a $100 attorney's fee; and (3) that the court erred in denying plaintiff the injunctive relief prayed for in his petition.

The record tends to show that the plaintiff is the father-in-law of S. O. White; that in 1919 or 1920 plaintiff and S. O. White bought lot 6 in block 44, town of Comanche, and paid $1,000 in cash, each paying $500 thereof, and agreed to pay the further sum of $1,000 or $2,000, the record is not clear which. It seems that a deed to the lot was made to J. B. Leach (plaintiff) and S. O. White. These parties, joined by their wives, gave a mortgage on the property to a Mr. Lester to secure payment of a loan of $3,000 payable in one year, with an oral understanding that the money would be repaid sooner if requested. The lender called for his money at the end of about eight months, and S. O. White, being unable to pay any part of it, agreed with plaintiff that if he

(plaintiff) would make the payment and would pay the unpaid purchase money, he (White) would abandon his rights in the property in favor of plaintiff, and would lose what he had paid, or give it to the plaintiff. It appears from the record that the conditions named were fulfilled by the plaintiff. It seems certain from this record that the $500 paid by S. O. White at the time of the purchase was all he ever put into the property. A brick building was placed on the lot with the money secured from Lester, but White never repaid any of the money. It was all repaid by plaintiff under the arrangement that White would abandon any claim to the property; and plaintiff either paid the unpaid purchase money, or assumed the responsibility therefor. Plaintiff had possession of the property, paid the taxes, and collected the rents, and White never had anything more to do with the property. We gather from the record that the arrangement referred to between plaintiff and White occurred within about eight months after they first bought the property, and at a time when the defendants did not so much as have a claim against S. O. White, so far as anything in the record tends to show. White did not make a deed to the plaintiff so that the record would show complete title in plaintiff. But it in no sense appears from this record that defendants extended credit to S. O. White on the faith of his apparent ownership of an interest in the property on which the levy was made, even if such fact would control if it existed as a fact. We glean, from a question asked in the case on cross-examination, that the judgment was taken against White in April, 1922, long after he had abandoned any claim in the property in question; but when the claim against White arose we have no information whatever. The record tends further to show that an execution was issued and levied upon the property above described to force collection of the judgment against White, and about the time the execution was levied, S. O. White made a deed purporting to convey his interest in the property to the plaintiff. There was no evidence with reference to the attorney's fee for the defendants, or that a bond had been made to secure a temporary injunction.

It seems to be well settled that a debtor cannot sell his property for an inadequate consideration, or give it away, in fraud of creditors, but we have no such matter here presented. So far as anything appears in this record, these defendants were not creditors of S. O. White at the time he sold, abandoned, or made a gift of his interest in the Comanche property to the plaintiff.

Nothing appears here that in any way would prevent White from disposing of his $500 interest in the lot in any manner he saw fit. There was nothing to prevent him making a gift of his interest to plaintiff by deed or otherwise. If he did it orally it seems that, as between him and the plaintiff, the gift would be good and pass any title he might have. If he had made the gift by deed, and such deed had been withheld from the record, the record title would appear the same as it does. The only essential difference in making the gift by deed or orally would be in the manner of proof. The deed would prove itself and be conclusive, unless attacked for fraud; while here the gift depends upon the parol evidence of the parties. Both plaintiff and White, in effect, say that White made a gift of his $500 interest in the property to plaintiff, or abandoned it in plaintiff's favor, upon the condition that he should be released from further payment of purchase money and of the obligation created in favor of Lester, long before the judgment was taken by defendants against White. White was not able to put more money into the property, and was willing to and did abandon any claim to the property in favor of plaintiff. This is shown by uncontradicted and undisputed evidence. This evidence must be taken as true, since it is not disputed or contradicted in any manner. The defendants admitted that it is true for the purpose of consideration of their demurrer to plaintiff's evidence. If the plaintiff was willing to take the evidence of Mr. White clearing the record title at some time when it was needed to be done, it seems that was his business entirely. If the defendants' claim against White was in existence at the time of the transaction between plaintiff and White, nothing is said of it in the record. If the defendants extended credit to White on the faith of his being the record owner of the property levied upon, we are not advised of it in this record. We are to assume that neither of these conditions existed, or the record would have been made to show the fact. It seems that the plaintiff established good title to the property as against any rights of the defendants created by their levy of execution. The trial judge also seems to have thought so when he overruled the defendants' demurrer to the plaintiff's evidence. We think the trial court properly overruled the demurrer. We think that the plaintiff established good title as against S. O. White, and in doing that he established his right to the property and title therein as against any claim created by defendants' levy of execution.

If S. O. White had any interest in the property levied upon, the defendants had a right to subject such interest to the payment of their judgment by levy of execution; but the undisputed evidence is that he had disposed of any interest he had in the property long before the defendants' interest attached; and whether the disposition was by sale, abandonment for consideration, or gift without consideration, seems to be a matter of no consequence, since he was not acting in fraud of creditors, or, at least, it must be said there is no proof that White was acting fraudulently in the matter as against these defendants.

The defendants point out what they denominate "badges of fraud" gathered from the record. But the general rule is that where parties rely upon fraud to vitiate a transfer of property, it becomes necessary to allege the fraud in the pleading, and then establish it by evidence. The chiefest of the "badges of fraud" was that White was a son-in-law of plaintiff, and never made a deed to plaintiff until about the time the execution was levied. Conditions might arise where such badges of fraud should enter into the consideration. Perhaps such badges of fraud would require a closer scrutiny if there was pleading and evidence otherwise tending to establish that White had acted fraudulently; as, for illustration, if it had been charged by defendants in their pleading and established by evidence, that their claim against White had been contracted prior to his transfer of his property to the plaintiff, and the transfer had been made to defeat the claim, or that the indebtedness of White to defendants had been contracted upon the faith of his apparent ownership of a half interest in the property levied upon, the badges of fraud would require consideration. But neither of such conditions is pleaded, and there is no evidence whatever that either condition existed. As between plaintiff and defendants it is not so much a question of how the plaintiff acquired the rights of White in the property as it is a question of whether he did acquire them before the rights of the defendants arose, and the undisputed and uncontradicted evidence here presented establishes that plaintiff acquired White's interest long before the judgment was taken against White, or execution levied upon the property. It is not at all contended that the judgment lien on White's interest in the real estate was created before the sale to, abandonment in favor of, or gift of his interest in the real estate to the plaintiff. It is not alleged in defendants' pleading, nor is there any proof whatever that White denuded himself of his interest in the property by gift, sale or abandonment, but retained the actual record title for the purpose of overreaching defendants, or to get the property actually out of his hands, so he might cheat and defraud the defendants.

It seems to be well settled that a judgment creditor has a right to subject property not exempt, belonging to the judgment debtor, to the satisfaction of his judgment; but the actual, rather than apparent, ownership is the controlling factor. The rule was announced in Hamilton, Sheriff, v. Brown, 31 Okla. 213, 120 Pac. 950, where it was said by this court:

"The issuance and levy of an execution upon property fixes a lien thereon in favor of the judgment creditor only to the extent of the judgment debtor's actual interest in the property. Any apparent but not actual, interest of the debtor therein, as a general rule, neither extends nor restricts the operation of the execution lien."

It is true that in the cited case there was involved personal property, but the same rule is applicable to real estate as well. That is, the judgment lien on the land, or lien created by levy of execution, will attach to the actual interest held and owned by the judgment debtor in the real estate not exempt, but does not attach to interests apparent only.

In Drain v. LaGrange Bank, 303 Ill. 330, 135 N. E. 780, the court said:

"Whatever the legal status of a judgment creditor may be, the levy of an execution creates a lien to the extent only of the ownership of the defendant."

Also, in East St. Louis Lumber Co. v. Schnipper, Sheriff, et al., 310 Ill. 150, 141 N. E. 542, it is said:

"The lien of a judgment or execution is limited to the actual interest of the judgmen debtor and does not attach to a mere naked legal title, where the entire equitable estate is vested in another, as judgment creditor is not purchaser within rule as to protection of one purchasing from apparent owner."

It seems that none of the courts have held contrary to the rule stated. Any apparent holding to the contrary has been based upon estoppel or fraud, but the universal rule is that either estoppel or fraud must be both pleaded and proven. In the case under consideration defendants caused a levy of execution to be made upon the property in question, no doubt, because of the apparent title of S. O. White. The plaintiff brought action to enjoin the sale and set up actual and exclusive ownership of the property in

himself. The defendants answered by general denial only. The only real issue presented by the pleadings is whether actual title to an interest in the property was in S. O. White. The plaintiff's evidence supports the claim of title set up in his petition, and the trial court in effect so held when defendants' demurrer to plaintiff's evidence was overruled. The defendants offered no evidence. It is not insisted that injunction was not the proper remedy to protect plaintiff if, in fact, he was the owner of the property to the exclusion of S. O. White.

The plaintiff complains of error of the court in entering judgment against him for $100 as attorneys' fees for defendants. It seems that this part of the judgment was entirely unauthorized. It appears that the court had issued a temporary injunction, or perhaps it was a temporary restraining order; but whether the court required plaintiff to make a bond we are not advised by the record. Nothing is said of it. No claim was made for attorneys' fee in the pleading, and nothing was said of it in the evidence. If, in fact, a temporary injunction was issued, a bond should have been required under section 415, Comp. St. 1921. The conditions of the bond are fixed by the section. One of the conditions is to pay a reasonable attorneys' fee in case the injunction is wrongfully obtained. It seems that what is reasonable is as a general rule a question for determination upon evidence where no agreement has been had as to the fee as between the defendants and their attorneys. If such agreement has been made, still a question of fact remains as to whether the agreement fixes a reasonable fee; and in the absence of a stipulation it seems there must be some evidence of reasonableness of the fee whether the matter is to be determined in the same case, or in an independent action on the injunction bond. In the absence of a bond there is no agreement by plaintiff to pay the defendants' attorney fee, and no liability for a fee could attach unless it might arise on the claim for damages, and would still be a matter of proof.

Upon the whole case we think the judgment must be reversed, for the reason that it is not supported by any evidence. The record clearly supports the conclusion that plaintiff had established his title as against White, and against the claim of defendants in the property.

The judgment is reversed and remanded with directions to vacate the judgment appealed from, and to enter judgment in plaintiff's favor, permanently enjoining the sale under the execution levied.

By the Court: It is so ordered.

Note.—See under (1) 23 C. J. 565 §469; 579 §496. (Anno). (2) 23 C. J. p. 493 §338. (4) 4 C. J. p. 1164 §3181.