## CITY GUARANTY BANK OF HOBART v. BOXLEY.

No. 18272.   Opinion Filed July 3, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

.1. **Vendor and Purchaser—Judgment— Rights of Vendee Under Contract of Sale not Subject to Judgment Lien Later Acquired against Vendor.**

A bona fide contract, made for a valuable consideration for the sale of real estate, vests the equitable interest in the vendee from the time of the execution of the contract, and the vendee is entitled to a conveyance, and to a decree in chancery for specific performance of the contract, if such conveyance is refused; and a judgment obtained by a third person against the vendor subsequent to the making of such contract, but prior to the time of its complete performance, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such cestui que trust.

2. **Judgment—Mere Legal Title not Reached by Judgment Lien.**

A judgment lien does not reach the mere legal title of property in the debtor, when the equitable title is in another.

3. **Vendor and Purchaser—Possession as Notice.**

Open, actual, and peaceful possession of real estate gives notice to the world of just such interest as the possessor actually has therein.

Commissioners' Opinion, Division No. 1.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by C. J. Boxley against the City Guaranty Bank and J. L. English, Sheriff of Jackson County, to enjoin the sale of real estate under execution. Injunction granted, and defendant bank appeals. Affirmed.

W. A. Phelps, for plaintiff in error.

Robinson & Oden, for defendant in error.

BENNETT, C. This was a civil action in district court of Jackson county, Okla., wherein C. J. Boxley was plaintiff and the City Guaranty Bank, a corporation, of Hobart, Okla., and J. L. English, sheriff of Jackson county, Okla., were defendants. The parties will be referred to herein in the order in which they appeared in trial court.

The petition in substance alleged that on or about the first of February, 1922, plaintiff purchased from Thomas H. Perry the following real estate in Jackson county, to wit, the southeast quarter of the southwest quarter and one (1) acre in the southeast corner of the southwest quarter of the southwest quarter of section 2, and the northeast quarter of the northwest quarter, and one acre in the northeast corner of the northwest quarter of the northwest quarter of section 11, in township 4 north, range 19 W. I. M., under a contract a copy whereof marked "exhibit A" is attached to and made a part of petition: that pursuant to said contract of sale. Thomas H. Perry delivered to plaintiff possession of said premises and that he has been in the occupancy thereof at all times since; that subsequent to execution of said contract said Perry and wife executed a deed to this plaintiff for said property. That in pursuance of said contract plaintiff executed and delivered to said Perry six negotiable promissory notes, each for $300, two of which notes plaintiff has paid, to wit, the note maturing December 1, 1922, and the note maturing December 1, 1923, and that plaintiff, in all respects, has performed and complied with terms of the contract.

That on February 9, 1924, City Guaranty Bank of Hobart, Okla., caused to be issued an execution out of district court of Kiowa

county, Okla., in cause No. 3875, wherein City Guaranty Bank of Hobart, Okla., was plaintiff and J. W. Tucker, Etta Tucker, and Thomas H. Perry were defendants, directed to sheriff of Jackson county, Okla., commanding him to levy upon and sell the property of said defendants to satisfy a judgment in said cause in the sum of $971.68, with interest and costs, and has likewise caused this defendant, J. L. English, sheriff of Jackson county, Okla., to levy upon and advertise for sale, in pursuance of said execution, the property above described as the property of Thomas H. Perry, and that the sheriff has fixed the date of sale as of April 7, 1924, and that said sheriff, unless restrained, will proceed with sale of said property as property of said Thomas H. Perry, whereby plaintiff's title will be clouded and irreparable damage and injury will be done plaintiff. The petition is duly verified. The agreement, exhibit A, is in substance as follows:

"This agreement, made this 1st day of February, 1922, between Thomas H. Perry, party of the first part, and C. J. Boxley, party of the second part.

"Witnesseth: That the party of the first part for and in consideration of the sum of $1 to him in hand paid, the receipt of which is hereby acknowledged and the further consideration as follows:

"The assumption by the party of the second part of all indebtedness of record against the following described land, and the execution and delivery of six notes for the sum of $300 each, due December 1st, 1922, and annually thereafter. * * * has contracted and agreed to sell to the said party of the second part the following described real estate * * *.

"The party of the first part agrees to deliver to the second party, a good and sufficient warranty deed to the above described land, when and after the said second party, * * * has made payment in full of the six notes above described, * * *; that if default be made in fulfilling this agreement or any part thereof by either party hereto, then the other party, his heirs or assigns, shall be at liberty to consider this contract as forfeited and annulled, and any payments on the above described notes shall be considered as rent to the first party for the use and possession of said land * * *"

Defendants answer was, in effect, a general denial; that plaintiff's deed was never delivered; that plaintiff had knowledge of defendants' claim, etc. Upon the trial before the court, a jury having been waived, a stipulation was entered into between attorneys of record for the respective parties, which, in substance, is as follows: It is

agreed, first, that on February 1, 1922, Thomas H. Perry and C. J. Boxley entered into a written agreement for conveyance of certain property described in petition; said contract was placed in escrow in City Guaranty Bank of Hobart in July, 1922; that afterwards on February 12, 1922, Perry and wife signed and acknowledged a warranty deed for property in controversy in pursuance of contract dated February 1, 1922.

That on May 7, 1923, defendant bank recovered judgment in district court of Kiowa county against J. W. Tucker, Etta Tucker, and said Thomas H. Perry for $971.68 and costs, and that on May 8, 1923, said bank caused an attested copy of said judgment to be filed with court clerk of Jackson county, Okla.; that on February 9, 1924, said bank sued out execution on said judgment directed to sheriff of Jackson county, and that thereunder said sheriff duly advertised property in controversy for sale, fixing date of sale April 7, 1924; that on March 25, 1924, plaintiff filed his petition in district court of Jackson county praying for temporary injunction. It is further admitted that the deed made by Thomas H. Perry was not filed for record until March 24, 1924, that the judgment recovered by defendant bank was for value and in good faith and upon personal service of summons upon each of defendants and that Thomas H. Perry and C. J. Boxley are brothers-in-law.

The following oral testimony, in substance, was taken: C. J. Boxley, plaintiff, testifies: The contract between plaintiff and Mr. Perry was made in early part of 1922; the papers were signed and exchange made at Guaranty Bank of Hobart. The acknowledgment was taken by Mr. Carder, president of the bank. At that time plaintiff delivered notes representing purchase money. Plaintiff has paid four of the notes at this time and produces the paid notes, which are introduced in evidence, together with tax receipts showing taxes paid by plaintiff on the real estate since he took possession. The contract was left for safekeeping in City Guaranty Bank at Hobart. The contract had been drawn up before that time, but was not delivered until notes were executed and delivered in bank as aforesaid. Witness says that it was his understanding that the deed was also to be left in bank with contract, but that he does not know whether or not it was so left; that deed for premises was delivered to him some time immediately before the recording day, March 24, 1924. Shortly before delivery of deed witness notified Mr. Perry that he was having trouble

about the place due to the judgment and execution and thereupon the deed was sent to him by mail and he placed same on record.

Witness had occupied, as a tenant, the land in the year 1921 and in fall of that year Perry and witness entered into an agreement for purchase of same. Witness knew nothing of the indebtedness owing by Perry to City Guaranty Bank. There was a prior loan on the place of $1,200 due to Bartlett Land & Loan Company. Witness assumed to pay this and has paid interest thereon and interest coupons, duly canceled, are introduced as exhibits 20 to 28, inclusive. Witness says that he with his family has occupied entire property ever since fall of 1921 and that it has, since that time, been his home.

Cross examination: Went into possession in 1921 as tenant but during the year talked of buying and finally bought, but no written contract was made until February, 1922. Witness does not remember whether he saw original deed prior to time it was mailed him or not, but supposes that it was in bank after trade was made. Knew contract was in bank and supposed deed was with it. Witness paid part of first note when it was due and balance thereof and all of second note about December, 1923. It was paid by check, draft, or money order mailed in a letter, but witness has no copy of letter and has no exact statement of amount. Other payments were made in December, 1925. Witness knew there was a judgment against Perry at time he paid one of notes, but did not know it at time he paid first one; learned it by simply hearing people talk about it.

Evidence on behalf of defendant:

Charles M. Carder: Witness is president of defendant bank; remembers contract but did not draw it up; it was presented to witness by Mr. Perry and Mr. Boxley and witness took the acknowledgment. It was left in bank in escrow but witness did not read contract. Plaintiff came and talked with witness about taking up amount Perry owed bank. Plaintiff was wanting to know how to protect himself against the judgment, and plaintiff wished to fix it up in some way. Witness did not draw the notes. Supposes they were drawn in the bank, but not by witness. Plaintiff talked to witness about the contract, which was in escrow in bank.

W. A. Phelps: Practicing attorney at Hobart; attorney for defendant bank; recovered judgment referred to. Plaintiff Boxley came to office of witness after judgment was taken against Perry. He came to find out if deed and notes were in escrow in bank. Witness made a search at bank and discovered contract. Plaintiff told witness he had paid one note. Plaintiff did not know what his rights were.

C. J. Boxley, recalled; Says that he told bank that he was simply trying to protect his interest and that he asked them what about notes that he had given Mr. Perry. Witness wanted to clear his title and protect his interest in his home and has had all rents and profits of property since he went into possession in 1921 as that was part of agreement had when purchase was made.

At the conclusion of evidence and after taking same under advisement, the court rendered a judgment in favor of plaintiff and a permanent injunction was issued restraining defendants from selling or offering to sell land in controversy under execution in cause No. 3875, entitled "Guaranty Bank v. Thomas H. Perry et al. Defendants," in district court of Kiowa county, from which judgment this appeal is taken by defendant.

Plaintiff in error in its brief says that two questions are involved: (1) The force and effect of our recording laws on conveyances and especially such as made, or attempted to be made, as is disclosed in this record. (2) What are the rights of defendant in error, he being in possession of the land as shown by the record? And it submits on the first proposition that the judgment creditor is entitled to preference over an unrecorded deed or an unrecorded contract of purchase, and to sustain the position refers to Lewis v. Atherton, 5 Okla. 90, 47 Pac. 1070, and the case of Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032.

These cases would seem to sustain plaintiff in error, but they are inapplicable here. They are based upon the recording acts in the statutes of 1893. Section 13, art. 1, chap. 21, Okla. Stat. 1893, reads as follows:

"All deeds, conveyances, or agreements in writing affecting the title to real estate, interest therein and powers of attorney for the conveyance of real estate or interest therein, only (duly) acknowledged or proven may be recorded in the office of the county clerk or the recorder of deeds, if the office of the recorder of deeds is separate from that of the county clerk, wherein such real estate is situated, and from and after the filing thereof for record in such office and not before such deeds, conveyances and agreements shall take effect as to subsequent

bona fide purchasers and encumbrancers by mortgages, judgment or otherwise."

This section has been superseded by section 5251, C. O. S. 1921, which reads as follows:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease or other instrument relating to real estate other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided."

In the case of Lunn v. Kellison et al., 66 Okla. 168, 153 Pac. 1136, the court holds:

"That said judgment lien attached only to the actual interest of the judgment debtor in said lots, and that, though he appeared to have an interest in the lots sold, he had none in fact, and no lien attached to the lots sold. Held, further, that in a judgment lien the plaintiff therein is not a 'third person,' within the meaning of section 1195, Comp. Laws 1909 (section 1154, Rev. Laws 1910)."

In that case the facts were certain lots were sold under execution as property of grantor under a valid judgment; the lots levied upon were shown by record to belong to defendant in execution, and that the sale was made after due and legal notice and after proper advertising. It was said by the court:

"It is admitted by plaintiff in error that there is but one question involved in this appeal; that is, whether the judgment lien was superior to the title of the purchasers of said lots who had bought same from defendant in execution prior to the rendition of said judgment, upon which said execution was issued, but whose deeds had not been filed for record in the office of the register of deeds of said county prior to the levy of said execution upon said lots. The only question involved in this appeal is not an open one in this jurisdiction; it being beyond question that the plaintiff in error is not a **third person,** as defined in section 1195, Comp. Laws 1909 (Section 1154, Rev. Laws 1910)."—Citing the case of Gilbreath v. Smith, 50 Okla. 42, 150 Pac. 719, in which Judge Brewer says:

"The lien of a judgment attaches only to the interest in real estate owned by the judgment defendant; and judgment creditors are not bona fide purchasers. Such creditors part with nothing to acquire the lien. J. I. Case Threshing Mach. Co. et al.

v. Walton Trust Co., et al., 39 Okla. 748, 136 Pac. 769; Scott-Baldwin Co. et al. v. McAdams, 43 Okla. 161, 141 Pac. 770."

Quoting from case of J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co., supra, the court says:

"The judgment lien contemplated by section 5941, Comp. Laws 1909 (Rev. Laws 1910, sec. 5148), is a lien only on the actual interest of the judgment debtor, whatever that may be; therefore, though he appear to have an interest, if he has none in fact, no lien can attach."

The court proceeds:

"The 'third person' defined by said section 1195, supra, refers to one who is an innocent purchaser for value, or an encumbrancer, and **does not in any wise apply to a judgment creditor with a lien.**"

The eighth paragraph of the syllabus in Farmers' State Bank of Ada v. Keen et al., 66 Okla. 62, 167 Pac. 207, reads as follows:

"A judgment or attachment lien does not reach the mere legal title of property in the debtor, when the equitable title is in another."

In the last-named case the above authorities are cited and the court says:

"Hence in this case it must follow that, irrespective of the deed made by G. H. Keen to the intervener, if the evidence shows that the actual title at all times since making the deed to G. H. Keen was in the intervener, the lots cannot be reached either by execution or by attachment as the property of G. H. Keen."

In the case of Oklahoma State Bank of Wapanucka v. Burnett et al., 65 Okla. 74, 162 Pac. 1124, the court says in the third paragraph of the syllabus:

"Where real estate is mortgaged by the owner and such mortgage is not recorded, a judgment lien filed subsequent to the execution of such mortgage is subordinate to said mortgage."

And the first paragraph of the syllabus is identical with the syllabus hereinbefore quoted from the J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co. Case, supra.

This last case also quotes with approval from the following cases: Lunn v. Kellison et al., 66 Okla. 168, 153 Pac. 1136; J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co et al., 39 Okla. 748, 136 Pac. 769; Adams v. White, 40 Okla. 535, 139 Pac. 514; Gilbreath v. Smith, 50 Okla. 42, 150 Pac. 719.

In the case of Adams v. White, 40 Okla.

535, 139 Pac. 514, the court holds in first and second paragraphs of syllabus:

"The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein.

"A contract for the sale of land, bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, and the vendee is entitled to a conveyance, and to a decree in chancery for a specific execution of the contract, if such conveyance is refused; and a judgment obtained by a third person against the vendor subsequent to the making of such contract, but prior to the time of its complete performance, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such cestui que trust."

In last-named case plaintiff claimed to be owner of land in controversy by virtue of purchase thereof at execution sale in a cause wherein he was judgment creditor. Defendant claimed that prior to rendition of judgment under which the land was sold he entered into an oral contract with judgment debtor for purchase of said land for a stated consideration, a part of which he at that time paid; that at time said contract was entered into, defendant, in pursuance thereof, entered into possession of said land, commenced to improve same, and in all respects acted toward said land as if he were legal owner thereof; that at date of rendition of judgment under which said land was sold, defendant had been in peaceful possession of said premises under said contract for a period of about five months; that the contract between said judgment debtor and said defendant was afterwards fully executed, the final act necessary thereto, towit, the delivery of deed from judgment debtor to said defendant, being performed subsequent to rendition of said judgment, but prior to said execution sale. The contention of plaintiff was that the oral contract of sale between defendant and judgment debtor was void, and therefore the judgment under which the execution was issued became a lien upon the land immediately upon its rendition, which was prior to execution of the deed to defendant; but the court held that taking possession and making improvements constituted part performance which would take it out of the statute. The court held that his possession gave notice to the

world of just such interest as the possessor actually had therein; citing Russell v. Gerlach, 24 Okla. 556, 103 Pac. 604; Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016; Edwards v. Montgomery, 26 Okla. 862, 110 Pac. 779. And thereafter the court, quoting from Mr. Chief Justice Chase in the case of Hampton v. Edelen, 2 Har. & J. (Md.) 66, 3 Am. Dec. 531, says:

"In this case it appears that a considerable part of the purchase money was paid, and possession given of the land, prior to the obtention of the judgments by Hampton against Wade. A contract for land, bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, although the money is not paid at that time. When the money is paid, according to the terms of the contract, the vendee is entitled to a conveyance, and to a decree in chancery for a specific execution of the contract, if such conveyance is refused. A judgment obtained by a third person against the vendor, mesne the making the contract and the payment of the money, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such cestui que trust. A judgment is a lien on the land of the debtor, and attaches on it as a fund for its payment; but the legal estate in the land is not vested in the judgment creditor, although he can convert it into money, to satisfy his debt, by pursuing the proper means." Citing Pierce v. Brown, 7 Wal 205, 19 L. Ed. 134; Iron Works v. Cohen, 7 Colo. App. 341, 43 Pac. 667; Dalrymple v. Security Loan & Trust Co., 11 N. D. 65, 88 N. W. 1033; Kirby v. Tallmadge, 160 U. S. 379, 40 L. Ed. 463, and other cases.

In the case of Leach v. Kincaid, 116 Okla. 245, 244 Pac. 191, the court says:

"In the case under consideration defendants caused a levy of execution to be made upon the property in question, no doubt, because of the apparent title of S. O. White. The plaintiff brought action to enjoin the sale and set up actual and exclusive ownership of the property in himself."

The fact appears that S. O. White jointly with another purchased and paid a part of the consideration for certain real estate. Thereafter White abandoned the property to his joint purchaser, who handled same as his own, but White made no conveyance, but later, about time of issuing of execution, White conveyed his interest to plaintiff. The court said:

"As between plaintiff and defendants it is not so much a question of how the plaintiff acquired the rights of White in the property as it is a question of whether he did acquire them before the rights of the defendants arose, and the undisputed and

uncontradicted evidence here presented establishes that plaintiff acquired White's interest long before the judgment was taken against White, or execution levied upon the property. It is not at all contended that the judgment lien on White's interest in the real estate was created before the sale to, abandonment in favor of, or gift of his interest in the real estate to the plaintiff. It is not alleged in defendants' pleading, nor is there any proof whatever that White denuded himself of his interest in the property by gift, sale or abandonment, but retained the actual record title for the purpose of overreaching defendants, or to get the property actually out of his hands, so he might cheat and defraud the defendants."

It was held that the plaintiff was entitled to his injunction. The case cites the case of Hamilton, Sheriff, v. Brown, 31 Okla. 213, 120 Pac. 950.

In the case of Fouts v. Foudray, 31 Okla. 221, 120 Pac. 960, the court, in the first paragraph of the syllabus, says:

"Equity treats things agreed to be done as actually performed, and where real estate is sold under a valid contract, and the deed executed and placed in escrow, to be delivered at a future date on payment of the purchase money, evidenced by promissory note due on said day, the equitable title passes at once to the vendee."

This case follows Dunn v. Yakish, 10 Okla. 388, 61 Pac. 926, and cites, also, 1 Pom. Eq. Jur., sec. 368, as follows:

"In some respects, and for some purposes, the contract is executory in equity, as well as at law; but, so far as the interest or estate in the land of the two parties is concerned, it is regarded as executed, and as operating to transfer the estate from the vendor, and to vest it in the vendee. By the terms of the contract, the land ought to be conveyed to the vendee and the purchase price ought to be transferred to the vendor; equity therefore regards these as done—the vendee as having acquired the property in the land, and the vendor as having acquired the property in the price. The vendee is looked upon and treated as the owner of the land; an equitable estate has vested in him commensurate with that provided for by the contract, whether in fee, for life, or for years. Although the vendor remains owner of the legal estate, he holds it as a trustee for the vendee, to whom all the beneficial interests have passed, having a lien on the land, even if in possession of the vendee, as security for any unpaid portion of the purchase money."

The rule stated herein is followed also in the case of Bledsoe v. Peters, 98 Okla. 41, 224 Pac. 288.

In the case at bar there is no proof of any fraudulent dealing. It is quite certain that the judgment creditor could not have extended any credit upon the faith of apparent ownership of the land by Perry for the premises had been long sold and plaintiff and his family were in open, notorious, and continuous possession and occupancy of the same. Even as against a purchaser for value from the holder of the record title, the plaintiff should prevail, for his actual occupancy and possession of the premises would be sufficient notice.

For the reasons given and upon the authorities cited, we hold that the judgment of trial court was in all respects proper, and the same is affirmed.

DIFFENDAFFER, HERR, JEFFREY and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 600, §917; p. 614, §933; 39 Cyc. p. 1302. (2) 34 C. J. p. 598, §916. (3) 39 Cyc. p. 1747; 20 R. C. L. p. 352: 3 R. C. L. Supp. p. 1058; 4 R. C. L. Supp. p. 1355; 5 R. C. L. Supp. p. 1100. 27 R. C. L. p. 719.